# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AT&T MOBILITY SERVICES, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 14-0396** (BOR Appeal No. 2048943)
                    (Claim No. 2013011982)

**KERRI SPOOR,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner AT&T Mobility Services, LLC, by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Respondent Kerri Spoor, pro se, did not make an appearance in this appeal.

This appeal arises from the Board of Review's Final Order dated March 25, 2014, in which the Board affirmed an October 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 7, 2012, decision to reject the claim and found the claim compensable for a cervical strain, a thoracic strain, a lumbar sprain, and a right knee injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Spoor was working as a relief manager for AT&T Mobility Services, LLC, on November 5, 2012, when an agent asked her a question. As she turned to address the agent's question, her back popped and she experienced pain. Aleasha McCance filled out a witness report the same day. According to Ms. McCance, Ms. Spoor turned around to assist an agent and her back cracked. This made her noticeably weak and ready to fall. Ms. McCane placed a chair under her to stop her from falling. She then wheeled her back to her desk and called her daughter

1

so she could take her to the hospital. Ms. Spoor was diagnosed with cervical, thoracic, and lumbar sprain as well as a right knee sprain. The claims administrator rejected the claim and Ms. Spoor protested.

The Office of Judges determined that Ms. Spoor's injury occurred in the course of and as a result of her employment. AT&T Mobility Services, LLC argued that an injury sustained from simply turning to assist a person could be suffered at work or outside of work, equally. AT&T Mobility Services, LLC further stated that because her movement of turning was personal to her and she already had preexisting back injuries, it was more likely than not that her injury was not work related. The Office of Judges refused to accept that contention and stated that the evidence established that in response to a verbal request, Ms. Spoor turned and suffered an injury to all three levels of her back and her knee. The Office of Judges further noted that after the injury she was diagnosed with several sprains and was treated for the same. The Office of Judges noted that even if her injury was in part due to her preexisting condition, this Court's decisions in *Charlton v. State Workmen's Compensation Commissioner*, 160 W. Va. 664, 236 S.E.2d 241 (1977) and *Jordan v. State Workman's Compensation Commissioner*, 156 W. VA. 159, 191 S.E.2d 497 (1972) mandates that an aggravation of a preexisting condition by an injurious event in the course of and as a result of employment, requires the inclusion of the aggravated, preexisting condition as a compensable element of the injury. The Board of Review adopted the findings of the Office of Judges and affirmed its conclusion.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. The evidence demonstrates that her job responsibilities required her to assist agents in a timely manner, so the customer would have as little wait time as possible. In the process of helping one agent, she was beckoned by another agent behind her. She turned to help the other agent as required and took an awkward step. While turning she felt a sudden onset of pain. After her shift and her report of injury, she was examined by medical personnel who determined that she injured herself. Because the evidence establishes that she was injured in the course of and as a result of her employment, the Office of Judges and Board of Review were correct in holding the claim compensable for a cervical strain, thoracic spine strain, lumbar strain, and a right knee injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 4, 2015**

2

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II