THE STATE, EX REL. MILLER, APPELLEE, *v.* MEAD
CORPORATION ET AL., APPELLANTS.

(No. 78-388—Decided June 20, 1979.)

Messrs. *Clayman & Jaffy* and Mr. *Stewart R. Jaffy*, for appellee.

Messrs. *Smith & Schnacke*, Mr. *James J. Gilvary* and Mr. *Gary W. Auman*, for appellant Mead Corporation.

Mr. *William J. Brown*, attorney general, and Mr. *Gerald H. Waterman*, for appellant Industrial Commission of Ohio.

*Per Curiam.* Appellee's disability is not the result of an injury, within the meaning of the Workers' Compensation Act, since an injury "comprehends a physical or traumatic damage or harm," which must be "accidental in its character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place." *Malone* v. *Indus. Comm.* (1942), 140 Ohio St. 292, 43 N. E. 2d 266, paragraph one of the syllabus; *Bowman* v. *National Graphics Corp.* (1978), 55 Ohio St. 2d 222, 224, 378 N. E. 2d 1056.

The issue, therefore, is whether a pre-existing disease, aggravated while a claimant is in the employ of an employer subject to the Workers' Compensation Act, may be the subject of compensation from the fund.

R. C. 4123.54 states that "[e]very employee, who * * * contracts an occupational disease * * * is entitled to receive * * * compensation * * *." And, in *State, ex rel. Ohio Bell Tel. Co.,* v. *Krise* (1975), 42 Ohio St. 2d 247, 327 N. E. 2d 756, this court stated in the syllabus: "An occupational disease is compensable under R. C. 4123.68(BB) where the following criteria exist: (1) The disease is contracted in the course of employment * * *."

We do not fault the Court of Appeals' majority for its effort to award compensation in this case. However, current statutory law does not permit such an outcome. The record speaks clearly that appellee did not "contract" his disease, within the meaning of R. C. 4123.54 or 4123.68, while he was an R C. 4123.01(A) "employee" of an R. C. 4123.01(B) "employer."

Accordingly, the judgment of the Court of Appeals must be reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and PALMER, JJ., concur.

PALMER, J., of the First Appellate District, sitting for HOLMES, J., who did not participate because he was a Judge of the Court of Appeals which heard the case.