**FRAZIER, Appellant,**

v.

**MAYFIELD, Admr., et al., Appellees.**

[Cite as *Frazier v. Mayfield* (1989), 64 Ohio App.3d 605.]

Court of Appeals of Ohio,
Montgomery County.

No. CA 11351.

Decided Sept. 27, 1989.

606

---

*E.S. Gallon & Assoc.* and *Joseph R. Ebenger,* for appellant.

*Smith & Schnacke* and *Melanie Mackin,* for appellee Inland Div., Gen. Motors Corp.

GRADY, Judge.

In this appeal we must determine whether the court of common pleas erred in granting summary judgment against the appellant's workers' compensation appeal. At issue is whether the evidence before the trial court, concerning appellant's alleged occupational disease, is sufficient to conclude the ailment was a condition predating employment and therefore noncompensable within the meaning of *State, ex rel. Miller, v. Mead Corp.* (1979), 58 Ohio St.2d 405, 12 O.O.3d 348, 390 N.E.2d 1192.

For the reasons stated below, we reverse the granting of summary judgment and remand to the trial court for further proceedings.

Appellant Betty Frazier began her employment with appellee Inland Division, General Motors Corporation, on August 27, 1967. During her employment, appellant developed problems with her hands, wrists, fingers and arm. Appellant's claimed ailment was diagnosed by Dr. Jose Duarte as bilateral carpal tunnel syndrome caused by her employment duties and activities.[1] Appellant filed an application with the Bureau of Workers' Compensation under the provisions in R.C. 4123.68(BB).[2]

On March 13, 1987, a district hearing officer for the Industrial Commission rejected appellant's application. The hearing officer found that the appellant did not contract her claimed occupational disease in the course of employment. The Dayton Regional Board of Review affirmed the hearing officer's decision on August 13, 1987. On November 12, 1987, the Industrial Commission refused to consider any further appeal.

On February 2, 1988, appellant filed an appeal with the court of common pleas pursuant to R.C. 4123.519.[3] Appellant testified at her August 17, 1988 deposition that she did not experience trouble with her upper extremities before working for Inland Division. According to appellant's deposition, her

---

1. "Carpal tunnel syndrome" is defined as "a complex of symptoms resulting from compression of the median nerve in the carpal tunnel, with pain and burning or tingling paresthesia (abnormal sensation) in the fingers and hand, sometimes extending to the elbow." The Sloan–Dorland Annotated Medical–Legal Dictionary (1987) 689.

2. R.C. 4123.68(BB) extends workers' compensation coverage to "[a]ll other occupational diseases: A disease peculiar to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment."

3. R.C. 4123.519 provides, in part, that "[t]he claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state."

symptoms began manifesting themselves in October 1984, about the time Inland added the Buick T pad to the assembly line.[4] Appellant admitted in her deposition that she had undergone numerous medical procedures to relieve a variety of ailments in her upper extremities.

Appellee, Inland Division, presented the testimony of two physicians: Dr. Koppernhoefer and Dr. Meelhuysen. Dr. Koppernhoefer testified that he examined appellant on January 20, 1987. Appellee requested this examination. Dr. Koppernhoefer stated his opinion that appellant did not contract carpal tunnel syndrome from her employment.

Dr. Meelhuysen testified at his deposition that he treated appellant on prior occasions dating back to 1976. However, Dr. Meelhuysen had not seen appellant since 1978. Dr. Meelhuysen testified that in 1976 appellant suffered from borderline carpal tunnel syndrome. Dr. Meelhuysen also testified that, to his knowledge, appellant did not exhibit any symptoms of carpal tunnel syndrome prior to working for Inland.

Appellee filed a motion for summary judgment. The trial sustained appellee's motion. The trial court concluded that Frazier's disease was a preexisting condition barred by the rule of *State, ex rel. Miller, v. Mead Corp.* (1979), 58 Ohio St.2d 405, 12 O.O.3d 348, 390 N.E.2d 1192. Appellant filed a timely notice of appeal, raising three assignments of error. Due to the similarities of fact and law in the assignments we will consider them together.

"I. The trial court committed prejudicial error when it granted defendant's motion for summary judgment which was filed pursuant to Rule 56 of the Ohio Rules of Civil Procedure as it misapplied and misinterpreted the Supreme Court holding in *State, ex rel Miller v. Mead Corp.* (1979), 58 Ohio St.2d, as there was no evidence establishing that the plaintiff had a disease pre-existing her employment with the defendant involving either hand or wrist.

"II. The court erred when it sustained defendant's motion for summary judgment when the evidence was unrefuted that the plaintiff contracted an occupational disease of left carpal tunnel syndrome.

"III. It was error for the trial court to sustain defendant's motion for summary judgment pursuant to Rule 56 of the Ohio Rules of Civil Procedure as there was a material issue of fact as to the nature of appellant's medical condition and diagnosis prior to October of 1984."

■ A nonscheduled disease is compensable only when it is contracted in the course of employment. *State, ex rel. Ohio Bell Tel. Co., v. Krise* (1975),

---

**4.** In her deposition appellant described her symptoms stating: "My fingers became numb to the pulling, the yanking, and jerking. The swelling was to the point that at times I had to get relief, and at the same time I was having problems in my legs and back."

42 Ohio St.2d 247, 71 O.O.2d 226, 327 N.E.2d 756. A disease predating employment, though aggravated by that employment, is not compensable. *State, ex rel. Miller, v. Mead Corp., supra.*

■ Applicants for benefits are required to state how they were exposed to the cause of the disease, the work done when the disease began, and the date its symptoms first appeared. Frazier attributed her disease to repetitive use of her hands in handling materials. She stated the condition first appeared in 1984.

The trial court granted summary judgment upon its finding that, according to the sworn statements of appellant and two physicians testifying for appellee, the disease or its symptoms manifested themselves prior to 1984 and as early as 1976. The court found that these earlier symptoms could not be subsequently labeled carpal tunnel syndrome in October 1986 to escape the stigma of condition predating that point.

The requirement that applicants state particularly the causes of their disease by exposure, work and date of symptoms is a reasonable procedural device for guiding the inquiry of the Industrial Commission. It should not be used to define "course of employment" in a manner overly narrow in relation to the purposes of the statute.[5]

Some disease conditions manifest themselves slowly and sporadically, through symptoms which in their early stages are not conclusively linked to employment or a specific disease. Many workers, and particularly those in the employ of large concerns, are exposed to continuing causation factors while passing through a variety of positions and assignments. It is only after a substantial period of time and work experiences that the condition manifests itself clearly in a medical context and conclusively as a disability. Because the provisions of R.C. Chapter 4123 must be construed liberally in favor of the employee,[6] these factors must be considered where applicable in a benefits determination.

■ An inquiry into a claim is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure. R.C. 4123.515. Likewise, the information provided by an employee in a claim application is not to be construed in a strict or hypertechnical way. As in the Civil Rules, an application for benefits should be construed under the standards of notice

---

**5.** Section 4123.54 provides in part "Every employee, who is injured or who contracts an occupational disease, and the dependents of each employee who is killed, or dies as the result of an occupational disease contracted in the course of employment * * * is entitled to receive * * * such compensation for loss sustained on account of such injury * * *."

**6.** R.C. 4123.95.

pleading. Deviations of proof are not fatal to the claim when they are consistent with the claim for relief requested.

■ We construe the phrase "course of employment" to include the entire term of the employment relationship between the claimant and the employer by whom the claimant is employed when the disability is experienced. "Course of employment" is not limited to that immediate employment activity to which the claimant is assigned when the disability is manifested. That interpretation would limit coverage to only those diseases that arise from current activities, an approach contrary to the purposes of the statute.

Frazier's employment with General Motors began in 1967. The course of her employment for purposes of her claim includes any employment activity from 1967 through the date her claim is determined.[7]

The record contains no support for the view that Frazier's disease predated her commencement of employment in 1967. If that defense is asserted by appellee, it remains a genuine issue of material fact precluding summary judgment under Civ.R. 56. If it is not asserted, Frazier's claim requires determination on its merits otherwise.

The judgment of the trial court will be reversed. The case will be remanded for further proceedings according to this opinion.

*Judgment reversed
and cause remanded.*

WILSON and FAIN, JJ., concur.

---

7. We have not addressed, and we make no findings concerning, the causative elements encompassed within the term "course of employment." It may be that Frazier's disease is caused by factors outside her employment. That is a factual determination for the trial court.