### Kehler v. Mayfield
### Case No. 11763
### Montgomery County, (2nd)
### Decided February 6, 1990
[Cite as 1 AOA 56]

*Jesse Kehler, P.O. Box 457, Dayton, Ohio 45402, Plaintiff-Appellant, Pro Se*

*G. Jack Davis, Jr., Assistant Attorney General, 424, Patterson Road, Dayton, Ohio 45419, Attorney for Defendant-Appellee, James Mayfield*

BROGAN, J.

Appellant filed an appeal in the Montgomery County Common Pleas Court pursuant to R.C. 4123.519 from the decision of the Industrial Commission denying him a right to participate in the workers' compensation funds. The trial court granted the motion of the administrator of the Industrial Commission and appellant's employer for a summary judgment on their behalf.

Appellant has appealed in a timely manner. He has raised two assignments of error to wit:

> (1) R.C. 4123.68 does not preclude the right to participate in the State Insurance Fund for aggravation of a pre-existing disease, and

> (2) The probative evidence presented provided substantial evidence that the appellant sustained an injury in the course of his employment and that said injury aggravated a pre-existing occupational disease, and as such the trial court erred in appellees' motion for summary judgement.

In the petition filed in the trial court, appellant asserted that on June 4, 1986 he was a construction laborer working through the International Labor Union, Local 1410 and was employed by Champagne and Webber, Inc. resurfacing the bridges on I-75 in the downtown Dayton area. He contended he was accidentally injured at the job site on June 4, 1986 when he inhaled a toxic chemical and was taken by his supervisor to the St. Elizabeth Hospital Emergency Room.

Appellant further contended that the Industrial Commission disallowed appellant's claim for participation in the fund on August 18, 1988.

The defendants moved for summary judgment and attached to their motion copies of materials filed by the appellant with the Industrial Commission. In appellant's C-1 application he contended he was injured by breathing cement dust into his lungs. The administrative file included the report of the appellant's physician, Dr. Robert E. Smith. Smith noted on July 1, 1986 that his impression was the appellant had asthma. On September

8, 1986, Dr. Smith noted that "I told Mr. Kehler that I did not feel that his work caused his asthma, but certainly can exacerbate it...."

Attached to appellant's C-1 application in the administrative file was the Specialist's Report of Dr. Herbert Grodner. Dr. Grodner made the following finding:

It is apparent that this man does have chronic obstructive pulmonary disease which can be defined as bronchitis with an asthmatic component. It is my opinion that the industrial injury did not cause the alleged condition. This was a pre-existing co-existing condition and it is my opinion that the industrial exposure could have on occasion substantially aggravated or accelerate [sic] that condition. This is a permanent condition. It is my opinion that the degree of impairment is low and I would estimate it to be 10-25% when compared to the body as a whole. This could interfere with the claimant's ability to work. The claimant's injury was related to the claimant's employment but was not related in an eliologic manner but as a secondary aggravating factor.

In layman's terms the physicians found that the appellant had asthma; but, appellant's work didn't cause it, it aggravated it.

In granting summary judgment for the defendant, the trial court relied on the case of *State ex rel. Miller* v. *Mead Corp.* (1979), 58 Ohio St. 2d. 405. In a per curiam opinion, the court characterized the issue confronting the court: ...is whether a pre-existing disease, aggravated while a claimant is in the employ of an employer subject to the Workers' Compensation Act, may be the subject of compensation from the fund. The court found that since an occupational disease must be "contracted" in the course of employment to be compensable, mere aggravation of a disease contracted outside the employment is not compensable.

"Injury" for purposes of worker's compensation includes an aggravation of a pre-existing condition. *Ackerman* v. *Indus. Comm.* (1936), 131 Ohio St. 371. The term "injury" as used in R.C. 4123.519 and 4123.01(C) does not include or contemplate a disease. *Phillips* v. *Borg-Warner Corp.* (1972), 32 Ohio St. 2d 266. Recently the Ohio Supreme Court held that a worker's compensation claimant who has proven a work-related aggravation of a pre-existing condition is not required to prove that the aggravation is substantial in order to be entitled to a determination of the extent of his participation in the State Insurance Fund. *Schell* v. *Globe Trucking, Inc.* (1990), 48 Ohio St. 3d 1.

In *Schell*, the condition which was aggravated was a pre-existing cervical and lumbar stenosis with spondylosis. The parties in *Schell* must have concluded that the cervical and lumbar stenosis with spondylosis was not a pre-existing disease.

While there is a clear statutory distinction between "injury" and "occupational disease" as categories of compensable disabilities, in fact the distinction is often not apparent, especially in terms of the resultant effect upon the health of the worker. Note, *Rationale of the Law of Injury and Occupational Disease under the Ohio Workmen's Compensation Act,* 34 Cinn. L. Rev. 145. The purpose of the worker's compensation laws is to compensate a worker for a disabling injury which occurred during the course of the worker's employment. There is little logic in a compensation system which permits a worker to recover for an injury which aggravates a pre-existing injury but not for an injury which aggravates a pre-existing disease.

In *Oswald* v. *Connor* (1985), 16 Ohio St. 3d 38, the Ohio Supreme Court held that death from a pre-existing cause and accelerated by an occupational disease contracted in the course of and arising out of the scope of employment, is compensable where the death is accelerated by a substantial period of time as a direct and proximate result of the occupational disease. In *Oswald*, the issue was whether the claimant's death was accelerated by a substantial period of time as a direct result of the effect of his occupational disease on his pre-existing coronary disease.

In *Nicholas Makris* v. *Ormet Corporation* (August 26, 1988), Monroe App. Case No. 637, unreported, the Monroe County Court of Appeals reviewed *Oswald* v. *Connor*, supra, and interpreted that opinion to eliminate the former distinction between aggravation or acceleration of a pre-existing injury and aggravation of an occupational disease.

In *Makris*, the claim was allowed for chronic obstructive pulmonary disease. The employer appealed to the Common Pleas Court, and a jury verdict was entered for the claimant. Special interrogatories were submitted to the jury. The jury determined by answers to interrogatories that the claimant had non-work

related asthma which was aggravated by his work. Judge Donofrio wrote on behalf of the Court of Appeals:

> The court's charge was taken from *Ohio Jury Instructions* Section 365.07(4). Appellant argues that aggravation of a pre-existing disease is not compensable under the Ohio Workers' Compensation Act. However, in the case of *Oswald* v. *Connor* (1985), 16 Ohio St. 3d 38, the court held in its syllabus:
>
> "Under the Workers' Compensation Act, death from a pre-existing cause and accelerated by an occupational disease contracted in the course of and arising out of the scope of employment, is compensable where the death is accelerated by a substantial period of time as a direct and proximate result of the occupational disease. (*McKee* v. *Electric Auto-Lite Co.* (1958), 168 Ohio St. 77 [5 0.0. 2d 345], approved and extended.)"
>
> The court in *Oswald*, at page 41, stated:
>
> "The court of appeals unanimously determined, and indeed the parties do not contest that, for the purposes of the rule of *McKee*, 'occupational disease' may be freely substituted for the words 'accidental injury.' This court can likewise perceive of no rational reason why the *McKee* rule regarding substantial acceleration should not also apply to those situations where death is accelerated by an occupational disease. In Ohio, both injuries and occupational diseases are compensable. Thus, the fact that this claim is grounded on the death having been accelerated, not by an accidental injury, but by an occupational disease, is a difference without a distinction. Accordingly, this court holds that under the Workers' Compensation Act. death from a pre-existing cause and accelerated by an occupational disease contracted in the course of and arising out of the scope of employment, is compensable where the death is accelerated by a substantial period of time as a direct and proximate result of the occupational disease."
>
> This language is virtually identical to the wording incorporated by the trial judge in his instructions and by *Ohio Jury Instructions* in Section 365.07(4). While *Oswald* involved death rather than disability from a pre-existing disease, *Oswald* clearly eliminates any former distinction between aggravation or acceleration of a pre-existing injury versus aggravation or acceleration of an occupational disease. *Both* are compensable if it is shown that the occupational disease was accelerated by employment, that such acceleration arose out of the employment, and that such acceleration was for a substantial period of time.
>
> Although appellant cites the case of *State ex rel. Miller*, v. *Mead Corp.* (1979), 58 Ohio St. 2d 405, for the proposition that a claimant cannot recover for aggravation of an occupational disease, we feel the more recent case of *Oswald, supra*, is controlling.
>
> Prior to *Miller, supra*, the Ohio Supreme Court decided the case of *Swanton* v. *Stringer*, (1975), 42 Ohio 2d 356, which held in the syllabus:
>
> "1a. A disabling condition, resulting from a pre-existing disease and claimed to have been accelerated by an injury in the course of and arising out of employment, is compensable under the Workmen's Compensation Act, where it is established that such disability was accelerated by a substantial period of time as a direct and proximate result of such injury."
>
> For the foregoing reasons we overrule appellant's second assignment of error.

We agree with the Monroe County Court of Appeals that it is difficult to reconcile the *Oswald* case with *State ex rel. Miller* v. *Mead Corp., supra*. If the Supreme Court will permit recovery from the Fund where an occupational disease accelerates a pre-existing disease, it would appear implicit from that decision that the Court would permit a worker to participate in the Fund where a work related injury aggravates a pre-existing disease.

Every workman brings with him to his employment certain infirmities. The employer takes an employee as he finds him and assumes the risk of having a weakened condition aggravated by some injury which might not hurt or bother a perfectly normal healthy person. If that injury is the proximate cause of the death or disability for which compensation

is sought, the previous physical condition is unimportant and recovery may be had independently of the pre-existing weakness or disease. *Hamilton* v. *Keller* (1967), 11 Ohio App. 2d 121.

For the reasons stated above, the assignment of the appellant is sustained and the judgment of the trial court will be reversed and remanded for further proceedings consistent with this opinion.

WOLFF, P.J. and GRADY, J., concur.