SHEELER, Appellee,

v.

ADMR., OHIO BUREAU OF WORKERS' COMPENSATION, et al., Appellants.

[Cite as *Sheeler v. Ohio Bur. of Workers' Comp.* (1994), 99 Ohio App.3d 443.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16630.

Decided Dec. 21, 1994.

444

*Carl E. Meador* and *Renny J. Tyson,* for appellee, Donald Sheeler.

*Lee Fisher,* Attorney General, and *Cash Mischka,* Assistant Attorney General, for appellants Administrator and Industrial Commission.

*Martin Bodnar,* City Law Director, for appellant city of Barberton.

*Stewart R. Jaffy* and *Marc J. Jaffy,* for *amici curiae,* Ohio Association of Professional Firefighters and Donald Sheeler.

BAIRD, Judge.

This cause comes before the court upon the appeal of the Administrator, Bureau of Workers' Compensation, and the Industrial Commission of Ohio (individually and collectively, "appellant") from the verdict of the Summit County

Court of Common Pleas finding Donald Sheeler ("appellee") eligible to participate in the Workers' Compensation Fund.

On August 2, 1989, appellee, then forty-two years old, suffered a heart attack. During his hospitalization, lung disease was also diagnosed. Appellee filed a claim with appellant, seeking compensation for coronary artery disease and occupationally related lung disease, which he alleged were sustained in the course of, and arising out of, nineteen years of employment as a firefighter with the Barberton Fire Department. Appellant denied his claim, and appellee appealed the decision to the Summit County Court of Common Pleas. The matter was tried to a jury, which found in appellee's favor.

Appellant appeals, asserting four assignments of error.

# I

"It is error *per se* for a trial court to allow a party to refer to a rebuttable evidentiary presumption during opening statements and during their case in chief when evidence introduced by the opposing party counterbalances the presumption. Further, a trial court compounds such error by charging the jury with the presumption."

Prior to trial, appellant moved *in limine* for an order instructing appellee, his counsel, and his witnesses to make no mention of, or reference to, the statutory presumption set forth in R.C. 4123.68(W). R.C. 4123.68, as it was in effect at the time of appellee's injury,[1] lists a number of occupational diseases compensable under Ohio's workers' compensation laws and provides:

"As used in this section and Chapter 4123. of the Revised Code, 'occupational disease' means a disease contracted in the course of employment * * *.

" * * *

"The following diseases shall be considered occupational diseases * * *.

" * * *

"(W) * * * Any cardiovascular, pulmonary, or respiratory disease of a fire fighter * * * *caused or induced by* the cumulative effect of exposure to heat, the inhalation of smoke, toxic gases, chemical fumes and other toxic substances in the performance of his duty shall constitute a presumption, which may be refuted by affirmative evidence, that such occurred in the course of and arising out of his employment. * * *" (Emphasis added.)

---

1. R.C. 4123.68 was amended in 1993. The 1989 version of the statute is the applicable statute in the case *sub judice,* since it was in effect at the time of appellee's injury. *Wargetz v. Villa Sancta Anna Home for the Aged* (1984), 11 Ohio St.3d 15, 16, 11 OBR 49, 50, 462 N.E.2d 1215, 1216.

Prior to trial, the court admonished appellee's attorney, with reference to the foregoing statute, not to usurp the court's role during his opening statement by instructing the jury with respect to the law. Nonetheless, appellee's attorney referred to the statutory presumption in his opening statement, without objection, mischaracterizing it as a presumption that "when you are a firefighter in the State of Ohio, if you have heart disease, it's presumed that it came from the fire fighting." Despite the mischaracterization, appellee's attorney added that "we have to demonstrate that a proximate cause of Mr. Sheeler's heart disease and of his respiratory disease was fire fighting."

Later in his opening argument, after reviewing facts he intended to prove during the course of the trial, appellee's attorney stated:

"I am a little bothered by Mr. Sheeler having to fight this long for a workers' compensation claim as a firefighter. I do not understand the cause of the reason for that when the presumption is there and the evidence has been there for a long time."

It was only following this latter comment that appellant objected.

■■■ With respect to the early references made to the statutory presumption without objection, it is well settled in Ohio that, in civil cases, errors which arise during the course of the proceedings and are not brought to the attention of the trial court by objection at the time they could be remedied are waived and may not be reviewed on appeal. *LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 123, 512 N.E.2d 640, 642–643. Since appellant did not object to the early references to the statutory presumption, it has waived its right to a review of those references on appeal.

With respect to the statement to which appellant did object, we note that wide latitude is afforded parties in opening statements with certain exceptions:

"[W]hen [counsel] deliberately attempts to influence and sway the jury by a recital of matters foreign to the case, which matters he knows or ought to know cannot be shown by competent or admissible evidence, or when he makes a statement through accident, inadvertence or misconception which is improper and patently harmful to the opposing side, it may constitute the basis for ordering a new trial or for the reversal by a reviewing court of a judgment favorable to the party represented by such counsel." *Maggio v. Cleveland* (1949), 151 Ohio St. 136, 38 O.O. 578, 84 N.E.2d 912, paragraph two of the syllabus. See, also, *Snyder v. Stanford* (1968), 15 Ohio St.2d 31, 34–35, 44 O.O.2d 18, 20, 238 N.E.2d 563, 566–567.

■■■ We do not find appellee's statement referring to the statutory presumption to be patently harmful to appellant. Prior to opening statements, the trial

court instructed the jury that opening statements were not evidence and were not to be construed as evidence. No jury instruction was given by the court regarding a presumption until the conclusion of jury instructions, when appellant requested the trial court to issue a "curative instruction" with respect to the presumption introduced by appellee at the beginning of trial. It was only in response to appellant's request that the trial court referred to the presumption in the presence of the jury, and it did so only in the context of telling the jurors to ignore it. Thereafter, during jury deliberations, the jurors asked the court to reread the statement, which it did. If it was error for the court to instruct the jury with respect to the presumption,[2] such error was invited by appellant. "Under the 'invited error' doctrine, '[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.'" *Ctr. Ridge Ganley, Inc. v. Stinn* (1987), 31 Ohio St.3d 310, 313, 31 OBR 587, 590, 511 N.E.2d 106, 109, quoting *Lester v. Leuck* (1943), 142 Ohio St. 91, 26 O.O. 280, 50 N.E.2d 145, paragraph one of the syllabus.

■ Appellant also argues that appellee's reference to the statutory presumption on two occasions during the deposition testimony of Dr. Bernard Charms was error. We have reviewed Dr. Charms' testimony and find that he testified at length, prior to any mention of the presumption, that he believed "beyond a reasonable doubt" that appellee's cardiopulmonary disease was a "direct result" of his employment as a firefighter. Dr. Charms stated that, based on his treatment of firefighters, even a nonsmoking firefighter will develop coronary and lung disease and that coronary disease is ten times more prevalent in firefighters than in the public at large. When the question relative to the presumption was finally posed to Dr. Charms several minutes into his testimony, he stated that he believed coronary disease is an "occupational hazard" and that he considered it an

---

2. Appellant argues that *Ayers v. Woodard* (1957), 166 Ohio St. 138, 1 O.O.2d 377, 140 N.E.2d 401, paragraph three of the syllabus, prohibits the introduction of a rebuttable presumption when a party has introduced evidence tending to prove a fact which would otherwise be presumed in the absence of such evidence. The presumption considered in *Ayers* was a judicially created presumption. In *State v. Myers* (1971), 26 Ohio St.2d 190, 55 O.O.2d 447, 271 N.E.2d 245, paragraph two of the syllabus, the court distinguished *Ayers* in considering a statutory presumption created with respect to blood-alcohol content in charges of "driving under the influence." The court held that "the presumption provided by R.C. 4511.19(B) may be included in the court's instructions to the jury and used by them in arriving at their decision, even though the prosecution introduces evidence of the defendant's physical appearance, his walk, his manner of speaking, the smell of his breath, and opinion evidence that defendant was under the influence of alcohol." *Id.* Finding that the statutory presumption was "significantly different" from the common-law presumption considered in *Ayers*, the court noted that if it "were to hold that this statutory presumption is to be rendered nonproductive by a police officer testifying that in his opinion defendant was under the influence of alcohol, or the admission of other evidence descriptive of a defendant's appearance or behavior, we would be acting contra the intended thrust of the statute." *Id.* at 200, 55 O.O.2d at 453, 271 N.E.2d at 252.

"occupational disease" of firefighters because of their "repeated exposures." Because Dr. Charms had already testified at length to the same substantive conclusion prior to the reference to the presumption, we find that the two abbreviated references to the presumption in the deposition testimony of Dr. Charms were harmless.

Accordingly, appellant's first assignment of error is overruled.

## II

"The trial court erred by failing to instruct the jury that an aggravation of a pre-existing condition by normal employment duties does not constitute an occupational disease."

## III

"The trial court erred by failing to give a jury interrogatory testing the verdict regarding aggravation of a pre-existing condition by normal employment duties."

In its second and third assignments of error, appellant argues that the trial court erred by failing to provide a jury instruction and interrogatory regarding the noncompensability of aggravation of a pre-existing condition by normal employment duties.

Appellant argues that this court's decisions in *Heiser v. Ohio Bur. of Workers' Comp.* (June 9, 1993), Summit App. No. 15913, unreported, 1993 WL 208754, and *Bellinger v. Silver Lake* (Dec. 29, 1993), Summit App. No. 16240, unreported, 1993 WL 548766, holding that aggravation of a pre-existing condition by normal employment activities is not compensable as an occupational disease under R.C. 4123.68, required the trial court to give instructions and interrogatories relative to such law. Appellant maintains that, since its defense was based on the theory that appellee did not contract coronary or pulmonary disease from firefighting, the instruction and interrogatory should have been given, since they were correct statements of the law and reasonable minds might reach the conclusion sought by the instruction. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 591, 575 N.E.2d 828, 832.

Both *Heiser v. Ohio Bur. of Workers' Comp., supra,* and *Bellinger v. Silver Lake, supra,* involved employees who sought compensation for diseases they acknowledged were not caused, but merely aggravated, by their work. As a result, the compensability of "aggravation" was at issue and not the "cause" of the underlying illness. In the case *sub judice,* there was no evidence that appellee suffered from coronary artery or lung disease prior to his employment as a firefighter with the Barberton Fire Department. Appellee proceeded at trial on the basis that firefighting caused his diseases. Appellant argued that it did

not. Appellant's argument now is, in effect, that because it presented evidence that appellee possessed certain risk factors for the diseases at issue, he had a "pre-existing condition" requiring the court to give the requested instruction.

"Pre-existing condition" is defined as "an illness or physical condition that exists before an insurance policy goes into effect. * * * In order for a condition to pre-exist, it must manifest itself. That means the individual knew of the condition due to prior diagnosis, or was aware of the problem * * *." Thomsett, Insurance Dictionary (1989) 159. The term "pre-existing condition" has also been defined as "'an illness, disease, accidental bodily damage or loss * * *.'" *DeMatteis v. Am. Community Mut. Ins. Co.* (1992), 84 Ohio App.3d 459, 461, 616 N.E.2d 1208, 1209, quoting insurance policy language.

■ A trial court is not required to instruct a jury, where there is no evidence to support an issue. *Riley v. Cincinnati* (1976), 46 Ohio St.2d 287, 75 O.O.2d 331, 348 N.E.2d 135, paragraph two of the syllabus. It is only when requested instructions "are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction[s]" that such instructions should be given. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 591, 575 N.E.2d 828, 832.

■ Since risk factors do not constitute a pre-existing condition under the foregoing definitions, and since appellant does not cite any evidence in the record which would support a finding that appellee had pre-existing coronary or pulmonary disease, we find no error in the trial court's failure to instruct the jury, or present an interrogatory to the jury, on the effect of aggravation of a pre-existing condition.

We note, moreover, that the court's instructions to the jury requiring a causal link between employment and the diseases in question comported with the statutory language of R.C. 4123.68(W). In its instructions to the jury, the court stated:

"The Plaintiff says that the occupational diseases arose out of the employment. The Defendant denies that the Plaintiff got occupational diseases arising out of his employment.

"The Plaintiff says that the occupational diseases he got directly or proximately caused his disability. The Defendant denies that an occupational disease directly or proximately caused the Plaintiff's disability.

"In Ohio, it is the law that cardiovascular, pulmonary and respiratory diseases incurred by firefighters following exposure to heat, smoke, toxic gases, chemical fumes and other toxic substances, are occupational diseases *when contracted by a firefighter in the course of employment.* [Emphasis added.]

" * * *

"Cardiovascular disease and pulmonary disease do not entitle an employee to participate in the Workers' Compensation Fund unless such diseases were contracted in the course of employment.

" * * *

"An occupational disease arises out of the employment when it was *proximately caused* by something that occurred as part of the activities, conditions and risks of the workplace." (Emphasis added.)

In addition, the court provided the jury with interrogatories, apart from the verdict forms, that required the jurors to answer, with respect to each occupational disease claimed, the question "Do you find by a preponderance of evidence that the Plaintiff, Donald Sheeler, contracted [the] disease as a result of his employment with the City of Barberton?"

■ Where a jury instruction is given in accordance with statutory language, a court should generally limit its instruction to such language. *State v. Shue* (1994), 97 Ohio App.3d 459, 471, 646 N.E.2d 1156, 1163.

Accordingly, appellant's second and third assignments of error are overruled.

## IV

"The trial court erred in failing to direct a verdict in favor of defendants at the close of plaintiff's evidence and at the close of all evidence, when plaintiff's medical experts failed to render a causal opinion regarding contraction of an occupational disease."

Appellant argues that the trial court should have directed a verdict in its favor because the testimony presented by appellee failed to meet his burden of proof. In *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 576, 55 O.O. 472, 475, 125 N.E.2d 1, 5–6, the Supreme Court of Ohio held that, in order to establish a right to workers' compensation, a claimant must show by a preponderance of the evidence that a direct or proximate causal relationship existed between his employment and the disability sustained. Where medical evidence is necessary to establish such relationship, such evidence must show that the injury was, or probably was, a proximate cause of the disability. *Id.*

■ In deciding a motion for a directed verdict, a trial court must review the evidence presented and, when there is sufficient evidence relating to an issue that, if believed, would permit reasonable minds to reach different conclusions on such issue, the motion must be denied and the issue presented to the jury. *Helmick v. Republic–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 74, 529 N.E.2d 464, 467. Evidence is sufficient where a finding is "supported by some compe-

tent, credible evidence going to all the essential elements" of the issue. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

R.C. 4123.68(W) requires a fireman to show that cardiovascular or pulmonary disease for which he seeks compensation was "caused or induced by the cumulative effect of exposure to heat, the inhalation of smoke, toxic gases, chemical fumes and other toxic substances in the performance of his duty." Although there was testimony by both appellant's and appellee's experts as to the difficulty of determining precisely what causes cardiovascular or pulmonary disease, there was also testimony by Dr. Charms that appellee's diseases were "beyond a reasonable doubt" the "direct result of his employment as a firefighter," that firefighters experience an incidence of coronary disease ten times greater than that of the population at large, that firefighters experience a job-related combination of constant physical, emotional, and chemical stress (as a result of direct exposure to noxious substances, such as carbon monoxide and burning plaster, and inhalation of smoke and dust), and that research has indicated that firefighters are a "medically selected population" for systemic heart disease.

In view of such evidence, reasonable minds could have come to differing conclusions on whether his nineteen-year tenure as a firefighter "caused or induced" appellee's illnesses. Accordingly, it was appropriate for the trial court to deny appellant's motion for a directed verdict.

Appellant's fourth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and FARMER, J., concur.

SHEILA G. FARMER, J., of the Fifth Appellate District, sitting by assignment.