Colleen Conway Cooney, Judge,
dissenting.
{¶ 54} I respectfully dissent. Although this is a tragic circumstance where a 41-year-old firefighter died at home after eight days on vacation, having served 14 years as a Euclid firefighter, both experts stated that his coronary artery disease was a preexisting condition. The aggravation of preexisting conditions is not compensable under Ohio’s Workers’ Compensation Act. State ex rel. Miller v. Mead Corp. (1979), 58 Ohio St.2d 405, 12 O.O.3d 348, 390 N.E.2d 1192. “In Brody [v. Mihm (1995), 72 Ohio St.3d 81, 647 N.E.2d 778], the court specifically stated that: ‘The change in the definition of “injury,” however, does not affect that portion of Miller which holds that a pre-existing disease aggravated during employment is not compensable.’ ” Hottel v. Timothy L. Hottel D.D.S., Inc. (Oct. 1, 1998), Cuyahoga App. No. 73431, 1998 WL 686253.
{¶ 55} I find Sheeler v. Ohio Bur. of Workers’ Comp. (1994), 99 Ohio App.3d 443, 651 N.E.2d 7, distinguishable from the instant case. Sheeler presented an expert who testified that his diseases were the direct result of his employment as a firefighter. Id. at 452. There was no evidence that Sheeler suffered from coronary artery or lung disease prior to his employment. Id. at 449. Thus, that *494 case did not involve the compensability of aggravation of an underlying illness, but rather the cause of the illness.
{¶ 56} In the instant case, Dr. Kravitz opined, “It is certain that [James] had atherosclerosis prior to any fire-fighting.” Dr. Biswas agreed that James “definitely had pre-existing atherosclerotic heart disease but the duration is not known.” Dr. Biswas’s inability to say how long the underlying disease had existed does not rebut Dr. Kravitz’s certainty that it existed prior to James’s firefighting duties.
{¶ 57} Therefore, I would affirm summary judgment for the city.