[Cite as *Towles v. MillerCoors, L.L.C.*, 2021-Ohio-34.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| TERRY L. TOWLES, | : | |
| Appellee, | : | CASE NO. CA2019-12-207 |
| - vs - | : | O P I N I O N<br>1/11/2021 |
| | : | |
| MILLERCOORS, LLC, et al., | : | |
| Appellants. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2018-07-1706

Todd Miller Law, LLC, Todd T. Miller, 1 Elizabeth Place, Suite 220, Dayton, Ohio 45417, for appellee

Reminger Co., L.P.A., Patrick Kasson, 200 Civic Center Drive, Suite 800, Columbus, Ohio 43215, for appellant, MillerCoors, LLC

**S. POWELL, J.**

{¶ 1} Appellant, MillerCoors, LLC, appeals the decision of the Butler County Court of Common Pleas entering a judgment in favor of appellee, Terry L. Towles, after a jury found Towles was entitled to participate in the benefits provided to him under the Ohio Workers' Compensation Act. MillerCoors also appeals the trial court's decision denying its

Civ.R. 59(A) motion for a new trial. For the reasons outlined below, we affirm.

{¶ 2} On November 21, 2017, Towles filed a workers' compensation claim requesting he receive workers' compensation benefits for the injuries he received to his right shoulder while working at MillerCoors on May 1, 2016. Although Towles' claim was initially denied, Towles' claim was ultimately allowed for those injuries; specifically, a right shoulder impingement and a right shoulder rotator cuff tear involving the supraspinatus and infraspinatus. MillerCoors appealed that decision to the trial court on July 31, 2018.

{¶ 3} On July 1 thru 3, 2019, the trial court held a three-day jury trial on the matter. During trial, the trial court heard testimony from several witnesses. This includes Towles, as well as Towles' wife and two sons. Following deliberations, the jury returned a verdict finding in favor of Towles. In reaching this decision, the jury answered a series of interrogatories finding Towles had proved by a preponderance of the evidence that the injuries to his right shoulder were a "direct and proximate cause of the alleged injury on May 1, 2016 at MillerCoors" and not a result of "natural deterioration" as alleged by MillerCoors. The trial court issued its final judgment confirming the jury's verdict on July 31, 2019.

{¶ 4} On August 26, 2019, MillerCoors filed a Civ.R. 59(A) motion for a new trial alleging a new trial was warranted because the jury was "improperly instructed on an 'eggshell' theory of medical causation." MillerCoors' reference to "eggshell theory of medical causation" is more commonly known as the "eggshell skull" rule. The "eggshell skull" rule "'evolved in the context of preexisting injuries to provide that if a defendant's wrongful act causes injury, the defendant is fully liable for the resulting damage even though the injured plaintiff had a preexisting condition that made the consequences of the wrongful act more severe than they would have been for a plaintiff without a preexisting condition or injuries.'" *Weinkauf v. Pena*, 10th Dist. Franklin No. 19AP-707, 2020-Ohio-3293, ¶ 17, quoting *Daniels v. Northcoast Anesthesia Providers, Inc.*, 8th Dist. Cuyahoga No. 105125,

2018-Ohio-3562, ¶ 42, citing Calandrillo & Buehler, *Eggshell Economics: A Revolutionary Approach to the Eggshell Plaintiff Rule*, 74 Ohio St. L.J. 375, 380 (2013).

{¶ 5} In support of its motion, MillerCoors argued that it was improper for the trial court to instruct the jury on the "eggshell skull" rule because there was no medical testimony offered to support the trial court's decision to provide the jury with an "eggshell causation jury instruction." After taking the matter under advisement, the trial court issued a decision denying MillerCoors' motion on December 2, 2019. In so holding, the trial court noted that there was "numerous portions" of the trial testimony offered by Dr. Jonathan Paley, an orthopedic surgeon who performed surgery on Towles' right shoulder, "which does support the inclusion of the eggshell causation jury instruction."[1] MillerCoors now appeals, raising five assignments of error for review. For ease of discussion, MillerCoors' first and second assignments of error will be addressed together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED BY GIVING THE EGGSHELL SKULL RULE INSTRUCTION.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED BY PERMITTING THE EGGSHELL RULE INSTRUCTION WHEN THERE WAS NO EXPERT TESTIMONY THAT A PREEXISTING CONDITION MADE PLAINTIFF MORE PRONE TO THIS TYPE OF INJURY.

{¶ 10} In its first and second assignments of error, MillerCoors argues the trial court erred by instructing the jury on the "eggshell skull" rule. We disagree.

{¶ 11} "A trial court has the duty to instruct the jury as to the applicable law on all issues presented in the case that are supported by the evidence." *Silver v. Jewish Home*

---

1. We note that Dr. Paley's testimony was introduced at trial via a videotaped deposition.

*of Cincinnati*, 190 Ohio App.3d 549, 2010-Ohio-5314, ¶ 80 (12th Dist.). "The decision to give or not give a jury instruction generally lies within the trial court's sound discretion * * *." *Serge v. Reconstructive Orthopedics & Sports Med., Inc.*, 12th Dist. Butler No. CA2006-04-081, 2007-Ohio-3354, ¶ 10. "When considering the appropriateness of a jury instruction, or when a specific jury instruction is in dispute, a reviewing court must examine the instructions as a whole." *Enderle v. Zettler*, 12th Dist. Butler No. CA2005-11-484, 2006-Ohio-4326, ¶ 36. "If, taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been misled." *Withers v. Mercy Hosp. of Fairfield*, 12th Dist. Butler No. CA2010-02-033, 2010-Ohio-6431, ¶ 17. Therefore, to warrant a reversal, "[t]he jury charge, as a whole, must be so misleading and prejudicial as to induce an erroneous verdict." *Rogan v. Brown*, 12th Dist. Clinton No. CA2005-10-025, 2006-Ohio-5508, ¶31, citing *Enderle* at ¶ 37.

{¶ 12} MillerCoors takes issue with the trial court instructing the jury as follows:

> Compensation is awarded for an injury which is a hazard of the employment acting on a particular employee in his or her condition of health. Every worker brings with him or her certain infirmities to his or her employment. The employer takes an employee as it finds the employee and assumes the risk of having a weakened or other condition affected by some injury which might not hurt or bother a perfectly normal, healthy person. *If that injury is the proximate cause of the disability for which compensation is sought, the previous physical condition is unimportant, and recovery may be had independently of the pre-existing weakness or condition. This rule only applies if you find that Mr. Towles injuries occurred on or about May 1, 2016 and did not develop gradually overtime as a result of the performance of his work related duties.*

(Emphasis added.)

{¶ 13} MillerCoors raises a number of arguments challenging the trial court's decision to instruct the jury on the "eggshell skull" rule. However, despite MillerCoors'

claims, the instruction provided by the trial court was a proper statement of the law. *See Luettke v. Autoneum N. Am., Inc.*, 6th Dist. Lucas No. L-14-1236, 2015-Ohio-3210, *discretionary appeal not allowed*, 144 Ohio St.3d 1476, 2016-Ohio-467; *see also Garbers v. Rachwal*, 6th Dist. Lucas No. L-06-1212, 2007-Ohio-4903, ¶ 29; *Kehler v. Mayfield*, 66 Ohio App.3d 59, 63-64 (2d Dist.1990); and *Hamilton v. Keller*, 11 Ohio App.2d 121, 127-128 (3rd Dist.1967). The instruction was also not inconsistent with any other instruction the trial court provided to the jury, nor has the instruction been "legislatively overruled" in the context of workers' compensation claims as asserted by MillerCoors. *See generally Boroff v. Meijer Stores Ltd. Partnership*, 10th Dist. Franklin No. 06AP-1150, 2007-Ohio-1495, ¶ 13 (noting that the "eggshell skull" rule is "alive and well"). The evidence at trial further supported the trial court's decision to instruct the jury on the "eggshell skull" rule. *See, e.g., Cobb v. Shipman*, 11th Dist. Trumbull No. 2013-T-0117, 2015-Ohio-2604, ¶ 103-104 (trial court did not err by instructing the jury with an "eggshell instruction" where two expert witnesses testified that the child subject of the appeal was "more susceptible to injury in a high-stress birth").

{¶ 14} When reviewing the record properly before this court, we find MillerCoors' arguments are nothing more than an attempt to confuse the issues in what is an otherwise ordinary workers' compensation claim. This includes the straightforward interrogatory posited to the jury, i.e., were the injuries to Towles' right shoulder caused by an injury that he suffered on May 1, 2016 while at MillerCoors or were Towles' injuries the result of natural deterioration? Given that interrogatory, and considering the evidence presented at trial, the trial court's decision to instruct the jury on the "eggshell skull" rule fairly and accurately stated the law applicable to the evidence presented at trial. That is to say, the trial court's decision to instruct the jury on the "eggshell skull" rule properly notified the jury that the rule should be applied *only if* it found Towles' injuries occurred on May 1, 2016 and not, as

alleged by MillerCoors, the result of natural deterioration. Therefore, finding no merit to any arguments raised by MillerCoors within either its first or second assignments of error, MillerCoors' first and second assignments of error lack merit and are overruled.

{¶ 15} Assignment of Error No. 3:

{¶ 16} ALTERNATIVELY, EVEN IF THE INSTURCTION WAS PROPERLY GIVEN, THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE NO REASONABLE JUROR COULD FIND PLAINTIFF DID NOT DEVELOP THE INJURIES OVER TIME, AS PLAINTIFF'S EXPERT STATED THE INJURIES WERE A RESULT OF REPETITIVE TRAUMA.

{¶ 17} In its third assignment of error, MillerCoors argues the jury's verdict was against the manifest weight of the evidence. We disagree.

{¶ 18} "The standard of review for a manifest weight challenge in a civil case is the same as that applied to a criminal case." *Skyward Learning Servs. v. Gray*, 12th Dist. Butler No. CA2019-08-140, 2020-Ohio-1182, ¶ 10; *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 17. When considering a challenge to the manifest weight of the evidence, this court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created a manifest miscarriage of justice warranting reversal and a new trial ordered. *Hacker v. House*, 12th Dist. Butler No. CA2014-11-230, 2015-Ohio-4741, ¶ 21, citing *Eastley* at ¶ 20; *Carson v. Duff*, 12th Dist. Fayette Nos. CA2017-03-005 and CA2017-03-007, 2017-Ohio-8199, ¶ 11. A judgment will not be reversed as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all essential elements of the case. *Sterling Constr., Inc. v. Alkire*, 12th Dist. Madison No. CA2016-12-032, 2017-Ohio-7213, ¶ 8; *Ashburn v. Roth*, 12th Dist. Butler Nos. CA2006-03-054 and CA2006-03-070, 2007-Ohio-2995, ¶ 26.

{¶ 19} MillerCoors argues the jury's verdict was against the manifest weight of the evidence because there was no evidence to prove Towles' injuries to his right shoulder "did not develop gradually over time." Towles, however, was not required to prove a negative. That is to say, Towles, as the claimant, was not required to prove that his injuries were not the result of natural deterioration. Towles was instead required to "show by a preponderance of the evidence: (1) an injury received in the course of, and arising out of, employment, and (2) a proximate causal relationship between the injury and the harm or disability." *Hornschemeier v. Buehrer*, 12th Dist. Clermont No. CA2016-11-079, 2017-Ohio-7021, ¶ 14, citing *Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, ¶ 17; and *Strickler v. Columbus*, 10th Dist. Franklin No. 13AP-464, 2014-Ohio-1380, ¶ 8.

{¶ 20} "The proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which, that event would not have occurred.'" *Valentine v. PPG Industries, Inc.*, 158 Ohio App.3d 615, 2004-Ohio-4521, ¶ 16 (4th Dist.), quoting *Aiken v. Indus. Comm.*, 143 Ohio St. 113, 117 (1944). To prove the proximate cause of a medical condition, such as Towles' injuries to his right shoulder, expert medical testimony ordinarily is necessary. *Id.* at ¶ 17. "The expert medical testimony must show that it is the expert's opinion, within a reasonable degree of medical probability, that the occupational disease caused the injury for which the claimant is seeking compensation." *McRoberts v. GE*, 12th Dist. Butler No. CA2012-10-216, 2013-Ohio-3083, ¶ 13 citing *Douglas v. Ohio Bur. of Workers' Comp.*, 105 Ohio App.3d 454, 461 (2nd Dist.1995).

{¶ 21} In this case, Towles testified that he did not have any shoulder pain prior to injuring his right shoulder while he was working at MillerCoors on May 1, 2016. Explaining how this injury occurred, Towles testified that he was repeatedly "hand loading" bundles of

boxes weighing approximately 5 to 10 pounds in an "erector" when, nearing the end of his 12-hour shift, he turned and went to set down a bundle of boxes on a table when the "top" of his shoulder "popped."[2]  Dr. Paley, the orthopedic surgeon who performed surgery on Towles, similarly testified that he believed to a reasonable degree of medical certainty that the injuries to Towles' shoulder originated from the "work-related" injury he sustained while at work at MillerCoors on May 1, 2016 and not from "natural deterioration of the rotator cuff." This is because, according to Dr. Paley, "I have to have a starting point and this sounds like a very credible realistic starting point."  Considering the jury's verdict, it is clear that the jury found Towles' and Dr. Paley's testimony credible.

{¶ 22} After a thorough review of the record, we find there was competent, credible evidence to support the jury's verdict finding Towles had proved, by a preponderance of the evidence, that (1) he injured his right shoulder in the course of, and arising out of, his employment with MillerCoors on May 1, 2016, and that (2) there was proximate causal relationship between Towles' injury and the harm or disability Towles' sustained.  Therefore, although there may have been some conflicting testimony presented, the jury nevertheless found the injuries to Towles' right shoulder were caused by the injury he suffered while working at MillerCoors on May 1, 2016.  Given the fact that a reversal on manifest weight grounds is appropriate only under extraordinary circumstances, we see no reason to disturb the jury's verdict in this case.  *Tivenan v. Lons*, 9th Dist. Medina No. 03CA0147-M, 2004-Ohio-4975, ¶ 6 (reversal appropriate only under "extraordinary circumstances when the evidence presented weighs heavily in favor of the [a]ppellant").  Accordingly, finding the jury's verdict was not against the manifest weight of the evidence, MillerCoors' third assignment of error lacks merit and is overruled.

---

2. The record indicates that this was a job usually completed by a "robot" rather than by a human.  The robot, however, had malfunctioned and was not operational that day.

{¶ 23} Assignment of Error No. 4:

{¶ 24} THE TRIAL COURT ERRED BY PERMITTING MR TOWLES' FAMILY MEMBERS TO TESTIFY WHEN THEIR TESTIMONY HAD NO PROBATIVE VALUE AND ONLY SERVED TO PREJUDICE THE JURY WITH SYMPATHY.

{¶ 25} In its fourth assignment of error, MillerCoors argues the trial court erred by allowing Towles' wife and two sons to testify at trial. This is because, according to MillerCoors, their testimony was not relevant under Evid.R. 401, unfairly prejudicial under Evid.R. 403(A), and unduly and needlessly cumulative under Evid.R. 403(B). However, contrary to MillerCoors' claims, we find the challenged testimony offered by Towles' wife and two sons relevant and not unfairly prejudicial to MillerCoors. The challenged testimony was also not unduly and needlessly cumulative. The challenged testimony was used by Towles to refute MillerCoors' claims that his injuries were the result of natural deterioration. This was done by looking at Towles' activities and hobbies that he engaged in *before* the injury occurred in comparison to Towles' frequent complaints, pain, and functional limitations that Towles' experienced *after* he was injured. Therefore, because the testimony offered by Towles' wife and two sons was relevant and not unfairly prejudicial to MillerCoors, nor unduly and unnecessarily cumulative, the trial court did not err by allowing Towles' wife and two sons to testify at trial. Accordingly, finding no merit to any of MillerCoors' arguments raised herein, MillerCoors' fourth assignment of error lacks merit and is overruled.

{¶ 26} Assignment of Error No. 5:

{¶ 27} THE TRIAL COURT ERRED BY FAILING TO GRANT MILLERCOORS' RULE 59 MOTION FOR A NEW TRIAL.

{¶ 28} In its fifth assignment of error, MillerCoors argues the trial court erred by denying its Civ.R. 59(A) motion for a new trial. MillerCoors supports this claim by alleging a new trial was warranted for the same reasons it set forth in its first four assignments of

error discussed above. However, because this court has already found no merit to any MillerCoors' first four assignments of error, we also find no error in the trial court's decision denying MillerCoors' motion for a new trial. This holds true regardless of whether this court were to apply an abuse of discretion or a de novo standard of review. *See Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 72 (noting that this court's standard of review is dependent upon which of the nine enumerated grounds set forth in Civ.R. 59[A] that the motion for a new trial was brought), citing *Koerper v. Szabo*, 10th Dist. Franklin No. 18AP-734, 2019-Ohio-3159, ¶ 7; and *Harrison v. Horizon Women's Healthcare, LLC*, 2d Dist. Montgomery No. 28154, 2019-Ohio-3528, ¶ 11. Therefore, finding no merit to any of MillerCoors' arguments advanced herein, MillerCoors' fifth assignment of error lacks merit and is overruled.

**{¶ 29}** Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.