BRODY, APPELLANT, *v.* MIHM, ADMR., ET AL., APPELLEES.

[Cite as *Brody v. Mihm* (1995), 72 Ohio St.3d 81.]

(No. 93–2252—Submitted February 7, 1995—Decided April 26, 1995.)

*Friedman & Stern* and *Mitchell A. Stern,* for appellant.

*Betty D. Montgomery,* Attorney General, *William M. O'Neill, Mark E. Mastrangelo* and *Fred J. Pompeani,* Assistant Attorneys General, for appellees.

ALICE ROBIE RESNICK, J.   The issue is whether the claimant in this case has presented a compensable workers' compensation claim for the aggravation of a nonoccupational disease.   In *State ex rel. Miller v. Mead Corp.* (1979), 58 Ohio St.2d 405, 12 O.O.3d 348, 390 N.E.2d 1192, claimant suffered from a pre-existing hearing loss as the result of artillery fire he encountered during World War II. He filed a compensation claim alleging that loud noise in the machine room at his job had aggravated his pre-existing condition.   We found first that claimant's disability was not the result of an "injury."   In so doing, we relied on the definition of "injury" employed at the time, which required a showing that the injury was not only work-related, but also accidental in the sense of being the result of a sudden mishap.

We then held that a pre-existing disease aggravated during employment is not compensable.   In so holding, we relied upon the statutory language that an occupational disease, to be compensable, must be "contracted" in the course of employment.   R.C. 4123.54 and 4123.68.

Claimant contends that case law subsequent to *Miller,* particularly *Village v. Gen. Motors Corp.* (1984), 15 Ohio St.3d 129, 15 OBR 279, 472 N.E.2d 1079, and *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 16 OBR 520, 476 N.E.2d 658, has effectively, if not formally, overruled *Miller.*   We disagree.

In *Village,* we held that "[a]n injury which develops gradually over time as the result of the performance of the injured worker's job-related duties is compensable under R.C. 4123.01(C)."   In so holding, we overruled a tortuous line of cases which suggested that an injury must be the result of a sudden mishap occurring at a particular time and place to be compensable.   Included were the very cases relied upon in *Miller* to find that the claimant's disability in that case was not the result of an injury.

The change in the definition of "injury," however, does not affect that portion of *Miller* which holds that a pre-existing disease aggravated during employment is not compensable.   Claimant does not contend that the daily physical stresses and strains of his employment support an award under *Village.*

In *Oswald*, we held that "death from a pre-existing cause and accelerated *by an occupational disease* contracted in the course of and arising out of the scope of employment, is compensable * * *." (Emphasis added.) This holding was simply an extension of case law decided prior to *Miller*. Prior to *Miller*, we had held that death or disability resulting from a pre-existing cause or disease and accelerated *by an injury,* in the course of and arising out of employment, is compensable. *Swanton v. Stringer* (1975), 42 Ohio St.2d 356, 71 O.O.2d 325, 328 N.E.2d 794; *McKee v. Elec. Auto–Lite Co.* (1958), 168 Ohio St. 77, 5 O.O.2d 345, 151 N.E.2d 540. After *Oswald,* claims for aggravation of a pre-existing disease are compensable only where the aggravation itself qualifies as a compensable injury or occupational disease.

We are aware that substantial criticism exists concerning the "basic fallacy relating to aggravation cases * * * that the aggravation itself must, standing alone, have been able to qualify as a compensable accident or occupational disease [and that] [t]here is nothing in the statute requiring that the aggravation itself be quantitatively or qualitatively of such character as to support an award alone." 1 Larson, The Law of Workmen's Compensation (1990), Section 12.22, 3–440 to 3–441, fn. 60.[1] We need not determine, however, whether this warrants overruling *Miller, supra,* since the claimant in this case would be precluded from receiving compensation in any event.

Even if we were to hold compensable a claim for wear-and-tear aggravation of a nonoccupational disease, the claimant would have to show that the employment contribution is legally, as well as medically, sufficient to give rise to a compensable disability. See *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 409, 28 OBR 462, 465, 503 N.E.2d 1379, 1382; *Village, supra,* 15 Ohio St.3d at 135, 15 OBR at 284, 472 N.E.2d at 1084 (Holmes, J., concurring); 1A Larson, The Law of Workmen's

---

1. "The ultimate test is not the initiation or precipitation of the disease itself, but whether the employment acts upon that disease or condition in such a manner as to cause disability which did not previously exist. * * * The focus * * * should [be] on the question of whether or not claimant's disability rather than his disease was causally related to his employment." *Perez v. Pearl–Wick Corp.* (1977), 56 A.D.2d 239, 392 N.Y.S.2d 496, 498. Thus, other jurisdictions have allowed aggravation claims where the aggravating daily strains of the workplace occurred over protracted periods of time. See, *e.g., Pawlosky v. Workmen's Comp. App. Bd.* (1987), 514 Pa. 450, 525 A.2d 1204, affirming (1984), 81 Pa.Commw. 270, 473 A.2d 260; *Malloy v. AT & T Consumer Products* (La.App.1985), 475 So.2d 80; *Perez v. Pearl–Wick Corp., supra; Harper v. Kast Metals Corp.* (La.App.1981), 397 So.2d 529; *Charlton v. State Workmen's Comp. Commr.* (1977), 160 W.Va. 664, 236 S.E.2d 241; *Gales v. Great Atlantic & Pacific Tea Co.* (La.App.1977), 342 So.2d 241, certiorari denied (1977), 343 So.2d 1077; *Montgomery Ward & Co., Inc. v. Indus. Comm.* (1976), 27 Ariz.App. 765, 558 P.2d 960; *Braxton v. Chevrolet Grey Iron Foundry, Div. of Gen. Motors Corp.* (1976), 396 Mich. 685, 242 N.W.2d 420; *Geenty v. Hyster, Inc.* (1975), 23 Ore.App. 146, 541 P.2d 486; *Vanda v. Minnesota Mining & Mfg. Co.* (1974), 300 Minn. 515, 218 N.W.2d 458. See, also, cases cited in 1 and 1B Larson, The Law of Workmen's Compensation (1990–1991), Sections 12.21, 12.22, 12.23 and 41.63.

Compensation, *supra,* 7–317, Section 38.83(a). This would require a showing that the workplace exertion or cumulative workplace exertions are greater than those encountered in ordinary nonemployment life.[2] See *Bison Co. v. Shubert* (Fla. App.1986), 494 So.2d 253; *Bryant v. Masters Machine Co.* (Me.1982), 444 A.2d 329; *Baker Mobiles of Florida v. O'Neil* (Fla.App.1982), 412 So.2d 34; *Market Food Distributors, Inc. v. Levenson* (Fla.App.1980), 383 So.2d 726; *Geenty v. Hyster, Inc.* (1975), 23 Ore.App. 146, 541 P.2d 486; *Beck v. State* (1969), 184 Neb. 477, 168 N.W.2d 532; 1A Larson, The Law of Workmen's Compensation, *supra,* 7–319 to 7–336, Sections 38.83(b) and (c), and the cases cited therein.

The ordinary physical stresses and strains of claimant's dental practice, as a matter of law, are no greater than those which are encountered in ordinary nonemployment life. Thus, we need not reconsider *Miller, supra,* at this time. In addition, the wear and tear caused by claimant's employment did not rise to the level of a separately compensable injury or occupational disease pursuant to *Oswald, Swanton* and *McKee.*

Accordingly, the judgment of the court of appeals is affirmed for the reasons stated herein.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in judgment only.

---

2. We are not hereby imposing this additional legal requirement upon the claimant in aggravation claims already compensable under existing law. We note such a causal requirement only in connection with claims for wear-and-tear aggravation of pre-existing disease, where the aggravation itself does not rise to the level of separate compensability.