OPINION
In May of 1995, while living in Arizona, appellant Gregory Winbolt injured his left great toe in an accident at home. Due to complications from the injury and pre-existing diabetes, his toe was amputated in May of 1995. Appellant came to Ohio in August of 1995, and began working for appellee Bi-Con Services, Inc. as an Electrical Department Manager.
On November 14, 1995, appellant went to the emergency room due to an infection in his left foot. Appellant was diagnosed with cellulitis and osteomyelitis in his left foot. On November 17, appellant had a second toe on his left foot amputated.
Appellant filed an application for workers' compensation benefits, alleging that he was injured during the course of his employment. Appellant alleged that his foot became infected because he had to stand on his feet eight to twelve hours a day, sometimes in cold weather. Appellee, the Bureau of Workers' Compensation, initially allowed the claim for an infected left foot ulcer, Type II diabetes, and a pseudo aneurysm in the left groin.
The Industrial Commission reversed the order, finding that appellant did not present medical evidence that he sustained an injury which aggravated the pre-existing condition of his left foot, but rather claimed a non-compensable work-related aggravation of a pre-existing non-occupational disease.
Appellant filed a Notice of Appeal in the Guernsey County Common Pleas Court. Appellee filed a motion for summary judgment on the basis that a non-occupational disease, aggravated by employment, is not compensable. The court granted the motion for summary judgment.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF THE DEFENDANT, BI-CON SERVICES, INC.
Summary judgment is appropriate where reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C).
An injury which develops over time as a result of a worker's job-related duty is compensable. Village vs. General Motors Corp.
(1984), 15 Ohio St.3d 129. However, a claim for aggravation of a pre-existing disease is compensable only where the aggravation itself qualifies as a compensable injury or an occupational disease. Brody vs. Mihn (1995), 72 Ohio St.3d 81, 83, citingOswald vs. Conner (1985), 16 Ohio St.3d 138.
In the instant case, appellant presented no evidence of a compensable injury.
The only medical evidence presented by appellant in support of his claim is the affidavit of Dr. Michael Sarap. Dr. Sarap states in his affidavit:
. . . It is my opinion to a reasonable degree of medical certainty and probability that my patient Gregory Winbolt suffered an injury in the course of and arising out of his employment with Bi-Con Services, Inc. described as "aggravation of pre-existing osteomyelitis and cellulitis of the left foot as a direct and proximate result of his occupation as a Field Electrician working for many months outside with Bi-Con Services, Inc. . . .
Appellant's medical evidence defines the injury solely as an aggravation of a pre-existing condition. The doctor does not state that the aggravation is itself a compensable injury or occupational disease. The doctor's testimony places the case squarely within Brody, supra.
Th Assignment of Error is overruled.
The judgment of the Guernsey County Common Pleas Court is affirmed.
By: Reader, J., Wise, J. concur. Hoffman, P. J. dissents.