The majority concludes, because Dr. Sarap's affidavit does not opine the aggravation of appellant's pre-existing condition was itself a compensable injury or occupational disease, Bradleyv. Mihn (1995), 72 Ohio St.3d 81 precludes recognition of his claim. I respectfully disagree.
Although Dr. Sarap's affidavit does not so opine, it likewise does not opine the opposite; i.e., the aggravation of the pre-existing condition was not itself a compensable injury or occupational disease. I believe Dr. Sarap's affidavit does not preclude such a finding. When applying Civ.R. 56 standards, I find Dr. Sarap's opinion the aggravation was "a direct and proximate result of his occupation as a Field Electrician workingfor many months outside with Bi-Con Services, Inc." (emphasis added) sufficient, when coupled with the other evidence describing the conditions appellant encountered while working in the field, to raise a genuine dispute as to whether the aggravation of appellant's pre-existing condition was itself a compensable injury or occupational disease. Accordingly, I would reverse the trial court's judgment and remand this case for trial.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Guernsey County Common Pleas Court is affirmed. Costs to appellant.