OPINION
In 1961, appellant, Donald Ryser, began working as a laborer for appellee, United States Can Company (then known as Sherwin-Williams). He was promoted several times and finally, in 1969 or 1970, was given a job as the second shift plant supervisor. He held this job until November 1993, when he retired due to an injury. As the plant supervisor, appellant spent six to eight hours a day walking on concrete floors.
In 1990, appellant began experiencing pain in his legs and hips. After undergoing many tests, it was determined that he had a herniated disc, which was surgically corrected in 1992. Appellant returned to work one month after the surgery. Three months after returning to work, appellant began experiencing more pain. He was diagnosed with osteoarthritis and a degenerative lumbar disc. Appellant testified in a deposition that his doctor told him that his problems were caused by walking on the concrete floor. He had surgery to correct the problem and was advised by his doctor not to return to work. He last worked for appellee on October 31, 1993.
On January 10, 1995, appellant filed a claim for benefits under the workers' compensation program. Appellant's claim and all subsequent appeals to the Industrial Commission were denied. On April 3, 1997, appellant filed a complaint in the Trumbull County Court of Common Pleas, appealing the denial of his workers' compensation claim. In his complaint, appellant alleged that he had suffered an occupational disease, "degenerative disc disease of the cervical and lumbar spine" and a "herniated disc at L5-S1."
On February 10, 1998, appellee filed a motion for summary judgment. In its motion, appellee asserted that appellant's injury was not a compensable occupational injury. Appellant responded and attached unsworn letters from two doctors. One, written by Dr. Howard G. Slemons, stated: "I feel his employment caused the above findings [back pain] and the characteristics of its manifestations and conditions of his employment resulted in hazard which distinguished his employment in character from employment in general and his employment created a risk of contracting the aforementioned occupational disease in a greater degree and in a different manner from the public in general."
On April 22, 1998, the trial court granted summary judgment to appellee. In its judgment entry, the trial court made the following findings:
 "1. There is no evidence presented in the Plaintiff's deposition, when describing his job description, regarding `continuous lifting, bending, and stooping' in contrast to Dr. Slemons' letter.
 "2. Plaintiff failed to establish criteria 2 and 3 of the occupation disease definition of R.C. 4123.68.
 "3. The `constant pounding on the concrete flooring.' described by Dr. Slemons is known in layman's parlance as walking."
The trial court's findings were based on quotes from Dr. Slemons's unsworn letter. It also added:
 "This court notes parenthetically, and not as a basis of this entry, that the primordial method of human ambulation, i.e. walking erect, cannot be reduced to an occupational disease based on the ingredients of the surface upon which one walks. This would lead to countless claims at substantial cost to an already overcrowded docket. This is especially so since many streets, driveways, sidewalks, parking lots, stores, factories, and other places of employment are composed of cement or some equally unforgiving walking surface."
Appellant raises the following assignment of error:
 "The trial court erred in granting appellee's motion for summary judgment for the reason that such ruling is a misapplication of law to the facts and there are issues of material fact."
In his sole assignment of error, appellant asserts that the trial court erred in granting summary judgment because: there was evidence to support that his job consisted of continuous lifting, bending, and stooping; he established the criteria for an occupational disease; and, there were issues of material fact. Appellee counters that the trial court was correct and that the most compelling argument in favor of the trial court's decision was the Supreme Court of Ohio's holding in Brody v. Mihm (1995),72 Ohio St.3d 81, 647 N.E.2d 778.[1]
A motion for summary judgment will be granted when it is determined that: no genuine issue as to any material fact remains to be litigated; the party moving for summary judgment is entitled to judgment as a matter of law; and, it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267; Civ.R. 56(C). To determine if summary judgment was appropriate in the instant case, we must decide whether, when construing the evidence most strongly in favor of appellant, a genuine issue of fact exists that he suffered a compensable occupational disease. In State ex rel. Ohio Bell Tel.Co. v. Krise (1975), 42 Ohio St.2d 247, 327 N.E.2d 756, syllabus, the Supreme Court of Ohio held:
 "An occupational disease is compensable under R.C. 4123.68(BB) where the following criteria exist: (1) The disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally."
In granting summary judgment, the trial court concluded that appellant had not established criteria two or three from the Krise
decision. Though it explicitly wrote that it was not as a basis of this entry, it appears that the trial court characterized appellant's complaint as one for an injury caused by "walking erect," which it deemed could not "be reduced to an occupational disease based on the ingredients of the surface upon which one walks."
However, the First District Court of Appeals held that it was error for a trial court to consider only the fact that the complaining employee was required to walk on concrete. Hollowayv. Administrator of Workers' Comp. (1998), 126 Ohio App.3d 814,818, 711 N.E.2d 715. A court must also consider the repetitive nature of the work and its strain on the human body, putting the employee at a greater risk for overuse syndrome. Id. Holloway, further, held that the testimony of two experts and a lay witness regarding the greater risk of overuse syndrome from long hours of walking on concrete and unpadded carpet for two years was sufficient to establish a claim. Appellant spent long hours walking on concrete for more than twenty years. "* * * [A]n injury which develops gradually over time as the result of the performance of the injured worker's job-related duties is compensable under R.C. 4123.01(C)." Village v. General MotorsCorp. (1984), 15 Ohio St.3d 129, 133, 472 N.E.2d 1079, syllabus.
Appellant attached to his motion in opposition to summary judgment a letter from an expert, Dr. Slemons, who opined that "[appellant's] employment caused the above findings [back pain] and the characteristics of its manifestations and conditions of his employment resulted in hazard which distinguished his employment in character from employment in general and his employment created a risk of contracting the aforementioned occupational disease in a greater degree and in a different manner from the public in general." Dr. Slemons' letter also points to "continuous lifting, bending and stooping for thirty-two years." As correctly noted by the trial court, no evidence in the record supports that appellant continuously lifted, bent, or stooped. He testified at his deposition that he did not do much lifting. However, this unsupported allegation by Dr. Slemons is irrelevant because the other allegations in the letter were sufficient to defeat the summary judgment motion.
Though Dr. Slemons' letter was unsworn and not evidence to be considered under Civ.R. 56, the court in its discretion may consider such unauthenticated documentation when there is no objection from the opposition. Rodger v. McDonald's Restaurantsof Ohio, Inc. (1982), 8 Ohio App.3d 256, 456 N.E.2d 1262;Finnerty v. Yellow Freight Systems, Inc. (1988), 47 Ohio App.3d 186,188, 548 N.E.2d 949. The court considered the letter when completing its findings but did not comment on Dr. Slemons' conclusion about the nature of appellant's work. The letter raised an issue of fact as to the second and third criteria set forth by Krise. Therefore, the trial court erred by granting appellee summary judgment.
Appellant's assignment of error has merit. This case is reversed and remanded for a trial on the merits. For the foregoing reasons, we reverse and remand for a trial on the merits.
 _______________________________ PRESIDING JUDGE ROBERT A. NADER
O'NEILL, J., DONOFRIO, J., Ret., Seventh Appellate District, sitting by assignment, concur.
[1] Brody held that a pre-existing disease aggravated during employment is not compensable. Appellant has made no claim involving the aggravation of a pre-existing disease. Brody is, thus, inapplicable.