OPINION
Plaintiff-appellant Dennis Champion appeals the decision of the magistrate of the Mahoning County Common Pleas Court which held that he may not participate in the workers' compensation system. The trial court subsequently adopted the aforementioned decision of the magistrate after taking note that no objections were filed thereto, and that no errors of law were present. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE
Appellant filed a workers' compensation claim for two herniated disks at C5-6 and C6-7 that allegedly occurred as a result of an incident at work on March 28, 1997. After the Industrial Commission denied his claim, appellant appealed and filed a complaint in the Mahoning County Common Pleas Court. On December 14, 1999, the case proceeded to a bench trial before a magistrate.
At trial, appellant testified that he worked as a mechanic for Dunns Tire and Auto, Inc., a company owned by his wife's family. He stated that on March 28, 1997, he was cutting rivets off ball joints with a two to three pound air chisel. He explained that he was hunched over and leaning hard against the chisel when the rivet was cut through. At that point, he claims that he lurched forward, felt his neck pop and his arms get heavy and experienced a headache. Appellant finished work that day and worked his regularly scheduled nine hours each weekday and four hours on Saturday from the date of the alleged injury until April 11, 1997. He states that right after the injury, he told his father-in-law and brother-in-law that he thought he got hurt on the job. (Tr. 35). To the contrary, James Dunn, Jr. testified that appellant did not tell him that he experienced an injury until after April 11, 1997. (Tr. 21).
As for appellant's medical history, he reported that he began experiencing neck problems in July 1996. He first saw Dr. Traikoff for neck pain in August 1996. Thereafter, he was diagnosed with degenerative disk disease which was confirmed by an MRI performed in October 1996. In November 1996, appellant visited a neurosurgeon where he complained of neck pain radiating to his arms. Appellant received physical therapy for his neck at the Banyan Tree. Appellant had been wearing a cervical collar sporadically prior to the date of the alleged injury. He had also been taking prescription pain and inflammation medications and muscle relaxants.
On February 17, March 3 and March 17, 1997, appellant visited Dr. Brocker, a neurologist. Dr. Brocker testified by video deposition that the October 1996 MRI showed a bulging disk at C5-6 and a lesser bulge at C6-7. (Depo. 44). On April 9, 1997, appellant attended a prescheduled office visit with Dr. Brocker after which another MRI was ordered. A cervical myelogram was also performed. From these tests, Dr. Brocker diagnosed appellant with cervical radiculopathy and cervical disk displacement at C5-6 and C6-7 and stated that both disks were herniated. He testified that the term bulging usually meant a slighter protrusion than the term herniated but noted that some physicians use the terms interchangeably. He opined that appellant's herniations resulted from trauma rather than degenerative disk disease because in cases of degeneration, he would expect changes throughout the spine and because appellant heard a snap during the incident. Dr. Brocker's notes do not mention a work-related injury until July 1997, although appellant claims that he disclosed the injury earlier. (Tr. 38). Lastly, Dr. Brocker admitted that he did not review appellant's medical records from Dr. Traikoff, Dr. Kohli, Dr. Barton, Dr. Stanich or Banyan Tree.
Dr. Corn, the expert of appellee Bureau of Workers' Compensation, testified by video deposition that he examined appellant and all of appellant's medical records. He gleaned from the records that appellant's October 1996 MRI showed degenerative disk disease, bone spurs and bulging disk at C5-6. Dr. Corn noted that the April MRI appears to have been requested prior to the date of the injury. After viewing the April 1997 MRI, Dr. Corn opined that appellant has a bulging disk at C5-6 and that there was no herniation or other abnormality at the C6-7 level. (Depo. 17, 22). He testified that the terms bulging and herniated are often used interchangeably. He concluded that the evidence established that appellant's neck problems were progressive rather than traumatic.
After the presentation of testimony but before closing arguments, the parties agreed on the record that the magistrate's decision would have the same force and effect as a trial court's judgment and that no objections would be filed under Civ.R. 53, but rather, any appeal would be directly to the appellate court. On January 24, 2000, the magistrate's decision was released which extensively reviewed the testimony and then concluded that appellant was not entitled to participate in the workers' compensation system. On February 8, 2000, the trial court adopted the magistrate's decision after finding that no objections had been filed. On February 22, 2000, appellant filed notice of appeal to this court. The notice of appeal specifically states that the appeal is from the January 24, 2000 magistrate's decision.
 PRELIMINARY ISSUES
Before reaching appellant's assignments of error, we must sua sponte
determine whether appellant can assign these errors on appeal when he failed to file objections with the trial court and instead entered an agreement with appellee to appeal directly to the appellate court. In making this determination, the pertinent portions of Civ.R. 53(E) must be analyzed.
Pursuant to Civ.R. 53(E)(3)(a), a party may file objections within fourteen days of the filing of the magistrate's decision. Thereafter, Civ.R. 53(E)(3)(b) provides:
 "Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
Finally, Civ.R. 53(E)(4)(a) states that a magistrate's decision is effective when adopted by the court and that "[t]he court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." The 1995 Staff Note then explains that a magistrate's decision to which no objection has been filed may be adopted absent apparent error.
Initially, we note that Civ.R. 53(E)(3)(b) contains a provision for entering a stipulation that a magistrate's findings of fact shall be final. However, there is no provision for stipulating that the magistrate's entire decision shall be appealed to the appellate court and bypassing the requirement that specific objections be filed in the trial court prior to assigning errors in the appellate court.
Civ.R. 53(4)(a) explicitly states that a magistrate's decision is not effective until adopted by the court. Hence, the parties cannot agree to pretend that the magistrate is the trial court. If a party has problems with the magistrate's decision, the trial court has the first right to address these problems. The parties and the magistrate cannot collaborate to ignore the objection procedure mandated for preserving errors for appeal in order to save time or money.
It is well-settled that an assignment of error in an appellate brief is waived where the party failed to object on that issue before the trial court. Civ.R. 53(E)(3)(b). See, also, State ex rel. Booher v. Honda Am.Mfg., Inc. (2000), 88 Ohio St.3d 53, 53-54; New Options, Inc. v.Cherrypickers, Inc. (Sept. 14 2000), Mahoning App. No. 98CA177, to be reported, 2. There is an exception to the general rule that an error is waived if no objection to that error was filed. Group One Realty, Inc.v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767, 769. As set forth above, Civ.R. 53(E)(4)(a) states that the court may adopt the magistrate's decision if no objections were filed unless it determines that there is an error of law or other defect which is apparent on the face of the decision. Thus, a trial court may not adopt a magistrate's decision to which no objections were filed where an error is apparent on the face of the decision.
As such, a party may appeal the trial court's adoption of a magistrate's decision even if that party failed to object where there are errors of law apparent on the face of the decision. But, see, Booher,88 Ohio St.3d at 53-54 (where the Supreme Court affirmed a decision using the no objection/no appeal language without reference to the possible exception contained in Civ.R. 53(E)(4)(a)). Cf. Caskey v. Lordstown Dev.Corp. (July 14, 2000), Trumbull App. No. 99-T-34, to be reported, 1-3 (discussing the existence of the apparent error exception and the lack of reference to it in Booher). It is possible that Booher failed to mention the exception because there were no errors apparent on the face of the decision nor other plain errors. Because the rule contains an exception to the no objection/no appeal rule, we shall review appellant's assignments of error to determine whether the issues therein should have been recognized by the trial court as apparent errors on the face of the decision as well as whether any plain error exists. See Minich v. Burton
(July 21, 2000), Miami App. No. 99CA48, unreported (stating that appellate courts may review for plain error where appellant fails to file objections from a magistrate's decision), citing O'Connell v. Chesapeake Ohio RR. Co. (1991), 58 Ohio St.3d 226, 229 (holding that civil plain error is recognized only in extremely rare situations where a material adverse consequence exists).
Before doing so, we note that we could refuse to engage in even this limited apparent error review on the related ground that appellant only filed notice of appeal from the magistrate's January 24, 2000 order and not the trial court's February 8, 2000 judgment entry adopting the magistrate's order. Since a magistrate's decision is not a final appealable order, we could dismiss the appeal. See, e.g., R.C. 2505.02; Civ.R. 54(A). Nonetheless, the agreed waiver issue is a case of first impression in our court. Moreover, attachment of the magistrate's decision, rather than the trial court's adoption, to the notice of appeal is more of a technical mistake. As such, we shall proceed with our review for apparent error on the face of the magistrate's decision.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error, which essentially alleges that a misstatement of law is apparent on the face of the decision, provides:
 "THE TRIAL COURT INCORRECTLY APPLIED OHIO LAW IN DETERMINING WHETHER DENNIS CHAMPION SHOULD BE ALLOWED TO PARTICIPATE IN THE WORKERS' COMPENSATION FUND OR OHIO FOR A WORK-RELATED INJURY SUSTAINED ON MARCH 28, 1997."
This assignment of error concerns the text of the magistrate's decision which reads in pertinent part:
 "In order to participate in the workers' compensation system, plaintiff had the burden of establishing that the alleged injury arose out of the course and scope of his employment and that a direct and causal relationship exists between the alleged injury and the harm allegedly incurred. White Motor Corp. v. Moore
(1976), 48 Ohio St.2d 156 ."
The magistrate proceeded to set forth evidence which suggests that appellant may not have experienced an injurious incident on March 28, 1997. The magistrate also noted that appellant had progressively worsening neck problems from before the time of the alleged incident and stated as follows:
 "A pre-existing, non-occupational injury/disease which is aggravated during employment is not an allowable condition entitling plaintiff to participate in the workers' compensation system. Brody v. Mihm (1995), 72 Ohio St.3d 81.
 Plaintiff failed to prove by a preponderance of the evidence that any aggravation he may have had on March 28, 1997, did not rise to the level of a compensable injury or that the injury was somehow separate and apart from his chronic degenerative disk disease.
 Plaintiff failed to establish a work related injury under White. Additionally, the evidence shows that plaintiff suffered from a pre-existing condition which is not compensable under Brody.
 * * *Plaintiff failed to carry his burden of proving a work related injury * * * and that it was the proximate cause of his injury."
The magistrate correctly states that in order to receive workers' compensation, the claimant must first show that an injury arose out of and in the course of his employment. State ex rel. Chrysler Corp. v.Indus. Comm. (1998), 81 Ohio St.3d 158, 161, citing Fox v. Indus. Comm. (1955), 162 Ohio St. 569, 576. See, also, White, 48 Ohio St.2d at 156. The claimant must also show that the harm or disability suffered is directly and causally related to the accidental injury. Id.
Appellant's sole complaint is that the magistrate mistakenly relied onBrody. Appellee agrees that Brody is inapplicable but contends that the error is not reversible because the court also set forth the correct law of White. After reviewing the magistrate's decision and the case law, we conclude that there is no indication of reversible error in the passages from the decision of the magistrate hereinabove quoted.
Brody dealt with aggravation of a nonoccupational disease through wear-and-tear at work. Id. at 82. It also implicitly applies to aggravation of nonoccupational injury claims. Id. at 82, citing State exrel. Miller v. Mead Corp. (1978), 58 Ohio St.2d 405 (which disallowed compensation for aggravation of hearing loss which initially occurred through nonoccupational injury). Thus, Brody stands for the proposition that the aggravation of a nonoccupational disease or injury is not compensable unless the aggravation itself qualifies as a compensable injury or disease. Id. at 83, citing Oswald v. Connor (1985),16 Ohio St.3d 38.
A cite to Brody may not have been specifically on point since appellant alleged that his injury or injurious aggravation resulted from an injurious incident rather than through wear-and-tear as was the case inBrody. Admittedly, the individual sentence with the full Brody cite in the magistrate's decision may appear to be erroneous when read alone. Nonetheless, upon reading that sentence in context, reversible error is not apparent.
Appellant admits that he had prior neck pain and problems. His neurologist testified on the prior bulging disks. Appellant alleges that he suffered an injury at work which caused the disks to herniate. He claims these herniations are compensable injuries as they did not exist prior to the neck "pop" incident at work. Appellant's case theory proceeds along the reasoning that his neck problems, apparently caused by nonoccupational degenerative disk disease, were aggravated by a work injury. The magistrate stated that appellant failed to prove that the herniations rose to the level of a compensable injury as he failed to prove that they were separate and apart from his preexisting neck problems. The magistrate noted that appellant's condition had been progressively deteriorating. This reasoning is sound and discretionary.
Furthermore, the above holdings by the magistrate and the Brody cite seem to be alternative to the magistrate's finding that appellant "failed to establish a work related injury under White" and that he "failed to carry his burden of proving a work related injury and that it was the proximate cause of his injury." As such, this assignment of error is overruled, whether we analyze it fully or for apparent error on the face of the decision.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error contends:
 "THE TRIAL COURT ERRED IN EXCLUDING DENNIS CHAMPION'S CLAIM APPLICATION THAT WAS FULLY CERTIFIED BY THE DEFENDANT-EMPLOYER AND DEMONSTRATES THAT THE DEFENDANT-EMPLOYER ADMITTED THAT THE INCIDENT OF MARCH 28, 1997 DID OCCUR."
In early May 1997, the Bureau of Workers' Compensation sent appellant's claim application to the employer. The application stated that appellant's claimed injury date was March 28, 1997. Although the employer had the option to reject the claim, the employer checked the box marked and signed the application. Mr. Dunn testified that appellant did not tell him about the injury on March 28, 1997 as appellant claims. He states that he did not become aware of the injury until after April 11, 1997, appellant's last day of work. (Tr. 20). Appellant wished to impeach Mr. Dunn by admitting the certified claims application into evidence. After Mr. Dunn was questioned regarding the application on direct and cross examination, the court ruled it inadmissible.
Appellant argues that the application was admissible under two separate Evidentiary Rules, Evid.R. 613(B) and Evid.R. 801(D)(2). Because we are only conducting a review for apparent error on the face of the magistrate's decision, this assignment of error may not be addressed as this issue was not encompassed on the face of the decision. Rather, it was an evidentiary issue addressed at trial. Moreover, under the following analysis, plain error is not apparent. Even assuming a full review on the merits was warranted, this court would overrule the assignment.
Under Evid.R. 613(B)(1) and (2), extrinsic evidence of a prior inconsistent statement by a witness is admissible under certain circumstances. As we note infra, the certification of a claim in May which is alleged to have occurred on March 28 is not inconsistent with testimony that the employer was unaware of the injury until after April 11. Regardless, the 1998 Staff Note to Evid.R. 801(D), provides that statements offered against party opponents are not governed by Evid.R. 613(B). Pursuant to Evid.R. 801(D)(2), a party opponent's statements may be introduced without violating the hearsay ban. A party opponent's statement need not be a statement against interest or a prior inconsistent statement. Evid.R. 801(D)(2). However, merely because a statement is not hearsay does not mean it is admissible. For instance, evidence must be relevant. Evid.R. 401, 402. Even if evidence is relevant, it may be excluded if its probative value is substantially outweighed by considerations of undue delay or needless presentation of cumulative evidence. Evid.R. 403(B). This decision to admit or exclude evidence is in the sound discretion of trial court. State v. Robb
(2000), 88 Ohio St.3d 59, 68. Therefore, the decision will not be reversed absent a "prejudicial abuse of discretion." Davis v. Immed.Med. Serv., Inc. (1997), 80 Ohio St.3d 10, 26; Evid.R. 103(A).
In Milnes v. Connor (Feb. 25, 1985), Stark App. No. CA6456, unreported, it was held that the trial court properly exercised its discretion in admitting a claim application which went directly to a contested issue. In the case at hand, we do not believe that it was unreasonable for the magistrate to conclude that the claim application did not directly establish the two main contested issues, i.e., that appellant experienced an injury at work and that the disability which appellant suffers was directly and proximately caused by the injury.
Even assuming the claim application should have been admitted as a relevant and noncumulative admission by a party opponent, the exclusion of the application was not prejudicial. First, we point out that Ohio Administrative Code 4123-3-08(B)(3) provides that certification by an employer in state funded cases shall not be determinative of compensability. Regardless, Mr. Dunn admitted that he signed the claim application and explained the certification by stating that an employee at the Bureau of Workers' Compensation advised him to certify it as they would investigate the claim and any preexisting problems. (Tr. 87-88, 93-94). Appellant focuses on Mr. Dunn's allegation that he was not informed of the injury until after April 11, 1997. Contrary to appellant's suggestion, telling one's employer that an injury occurred does not prove the occurrence of the injury. Furthermore, the employer's certification of appellant's claim is not inconsistent with the testimony that the employer remained unaware of the injury until two weeks after it occurred. Accordingly, this assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 _________________ VUKOVICH, P.J.
Waite, J., concurs.
DeGenaro, J., concurs in part, dissents in part; see concurring in part, dissenting in part opinion.