DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Christopher Swogger, has appealed from a judgment of the Medina County Court of Common Pleas that entered judgment on a jury verdict that found he had established the right to participate in the worker's compensation fund for a lumbar sprain but that he had not established his other claims, including claims for aggravation of pre-existing conditions. Because the trial court improperly instructed the jury on whether Swogger could be compensated for the aggravation of pre-existing conditions, this Court reverses and remands.
 II {¶ 2} Swogger was employed by Appellee Hopkins Construction Company ("Hopkins") for almost two years. During September 2002, Swogger was working for Hopkins at the Medina County Recovery Facility construction site. Part of the process required the soil to be compacted prior to construction. Swogger's job was to check the level of soil compaction by pounding a metal rod into the soil, removing the rod, and inserting a nuclear probe to measure the density of the soil. Removing the rod from the soil was sometimes difficult, particularly when the soil was highly compacted. According to Swogger, on September 4, 2002, one of the times that he attempted to pull a rod out of highly-compacted soil, he felt a "horrendous sharp pain" in his lower back that was so severe that he dropped to the ground in agony.
 {¶ 3} Swogger initially believed that the pain was due to his arthritis and would eventually subside, so he continued to report to work until September 19, 2002. Others on the job site helped him pull rods from the ground. The pain was unlike anything Swogger had experienced before, however, and it eventually became so severe that he could no longer work. Swogger sought medical treatment the next day and was eventually diagnosed with several back injuries.
 {¶ 4} Swogger filed a claim for worker's compensation benefits, seeking to participate in the fund for the following injuries: sprain lumbar region, lumbar/lumbosacral disc degeneration, spondylolisthesis, lumbosacral neuritis, and other back injuries. The administrator of the bureau of worker's compensation allowed the claim only for the lumbar sprain and granted temporary total disability payments commencing September 20, 2002.
 {¶ 5} Swogger and Hopkins each appealed the administrator's decision to the industrial commission. Through two separate orders, the industrial commission determined that Swogger had not sustained an injury in the course of his employment. Thus, it affirmed that portion of the administrator's decision that disallowed four of Swogger's claims and vacated that portion of the decision that had allowed his claim for lumbar sprain.
 {¶ 6} Swogger appealed to the Medina County Court of Common Pleas pursuant to R.C. 4123.512, which provides for de novo review. See Robinsonv. B.O.C. Group, Gen. Motors Corp. (1998), 81 Ohio St.3d 361, 368. The matter was tried to a jury. All five claims were presented to the jury: sprain lumbar region, lumbar/lumbosacral disc degeneration, spondylolisthesis, lumbosacral neuritis, and other back injuries. The parties did not dispute that two of the alleged injuries, lumbar/lumbosacral disc degeneration and spondylolisthesis, were conditions that had existed prior to Swogger's alleged injury on September 4, 2002. Swogger's position was that the September 4 injury had aggravated those pre-existing conditions and that he was entitled to worker's compensation recovery for the aggravation. Those injuries were therefore specified to the jury as "aggravation of lumbar/lumbosacral disc degeneration" and "aggravation of preexisting spondylolisthesis."
 {¶ 7} The parties sharply disputed the legal standard that should be applied to Swogger's aggravation claims. Swogger asserted that the controlling law was set forth by the Ohio Supreme Court in Schell v.Globe Trucking, Inc. (1990), 48 Ohio St.3d 1, 3, which explained that an "injury" for worker's compensation purposes includes the aggravation of a pre-existing condition. Hopkins, on the other hand, maintained that the situation was controlled by Brody v. Mihm (1995), 72 Ohio St.3d 81, and that Brody did not allow any worker's compensation recovery for the aggravation of pre-existing conditions.
 {¶ 8} The trial court accepted the position of Hopkins and instructed the jury that Swogger was not entitled to participate in the worker's compensation system if his injuries were the result of a pre-existing disease that was aggravated during his employment. The trial court gave no further instruction relating to Swogger's claims for aggravation of pre-existing conditions (lumbar/lumbosacral disc degeneration and spondylolisthesis).
 {¶ 9} The jury found that Swogger had sustained an injury in the course and scope of his employment on or about September 4, 2002, and further found that he was entitled to participate in the worker's compensation fund, but only for the claim of lumbar sprain. The trial court entered judgment accordingly.
 {¶ 10} Swogger has appealed, raising a single assignment of error.
 II Assignment of Error
"The Trial Court Committed Prejudicial Error by Failing to Properly Instruct the Jury as to the Definition of Injury, which Definition Includes the Aggravation of a Pre-Existing Condition."
 {¶ 11} The sole issue on appeal pertains to Swogger's worker's compensation claims for aggravation of pre-existing conditions (aggravation of lumbar/lumbosacral disc degeneration and aggravation of pre-existing spondylolisthesis).[1] Swogger has asserted that the trial court committed reversible error by instructing the jury that he could not be compensated for the aggravation of a pre-existing disease and by failing to give the Ohio Jury Instruction Number 12, on the right of a worker's compensation claimant to recover for the aggravation of a pre-existing condition.
 {¶ 12} Although the parties had factual disputes in this case, they also sharply disagreed about the appropriate legal standard governing Swogger's right to recover for the aggravation of his pre-existing conditions. Swogger has argued, as he has all along, that Schell v. GlobeTrucking, Inc. (1990), 48 Ohio St.3d 1, 3 sets forth the appropriate legal standard to be applied to Swogger's pre-existing conditions. Hopkins, on the other hand, has asserted that the appropriate standard is set forth in Brody v. Mihm (1995), 72 Ohio St.3d 81, which, according to Hopkins, held that there can be no worker's compensation recovery for the aggravation of a pre-existing disease. Brody is inapplicable to Swogger's case, however, because it involved a worker's compensation claim for an "occupational disease." Brody did not contend that he had sustained an "injury" at work but instead asserted that that his pre-existing arthritis had become an "occupational disease" because it had been aggravated by the gradual wear and tear of his job duties.
 {¶ 13} The issue before the Brody court was complicated by the fact that the statutory definition of "occupational disease" is relatively vague and does not address whether there can be recovery for normal wear and tear aggravation of a pre-existing disease. The Supreme Court held that, where the aggravation is caused by normal wear and tear, there can be no occupational disease recovery within the worker's compensation system. Id. at 84. The Brody court did not hold, as Hopkins and the trial court seemed to understand, that there could never be recovery for the aggravation of a pre-existing condition. The Brody holding was explicitly limited to an occupational disease claim for aggravation of a nonoccupational disease by normal wear and tear, and, in fact, the Court stressed that it was not changing the law in the area of aggravation claims that were already compensable under existing law. Id. at 84, fn.2.
 {¶ 14} Swogger's worker's compensation claim did not seek recovery for an occupational disease, but instead Swogger asserted from the very beginning that he had sustained an "injury" in the course and scope of his employment on September 4, 2002. R.C. 4123.01(C) defines "injury" to include "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."
 {¶ 15} Swogger correctly argued to the trial court that "`injury,' for workers' compensation purposes, includes an aggravation of a pre-existing condition." Schell v. Globe Trucking, Inc. (1990), 48 Ohio St.3d 1, 3. The aggravation issue in the "injury" context need not look to the Supreme Court's holding Brody, for the statutory definition of "injury" itself precludes worker's compensation recovery for injuries that are caused by the natural deterioration of the body caused by normal wear and tear. R.C. 4123.01(C)(2) excludes from the definition of "injury" those which are "caused primarily by the natural deterioration of tissue, an organ, or part of the body[.]"
 {¶ 16} Thus, the determining factor in whether Swogger had a legal right to participate in the worker's compensation fund for the aggravation of his pre-existing conditions was whether those conditions were aggravated by a distinct injury rather than by normal wear and tear. That was the primary focus of the dispute between the parties at trial and that was the gist of the parties' presentation of evidence at trial. The real dispute between the parties on the aggravation issue was and is a factual one: whether Swogger sustained an injury on September 4, 2002 or whether his back injury was the result of the normal, daily wear and tear of his job duties.
 {¶ 17} Although the parties ultimately may have been correctly focused on the facts relevant to the legal issue, the jury was not. The jury was asked to make a factual finding as to whether Swogger had sustained an "injury" on September 4, 2002, but the trial court did not attach any legal significance to that factual finding insofar as the aggravations claims were concerned. The jury was instructed only that Swogger could not be compensated for the aggravation of any pre-existing disease and not that he could recover for the aggravation of pre-existing conditions if the aggravation was caused by a distinct injury. The trial court's jury instruction on the aggravation issue was not an accurate statement of the law and, therefore, was erroneous.
 {¶ 18} Hopkins has asserted, however, that, even if the jury was incorrectly instructed on the law in this area, there was insufficient evidence presented at trial to support a judgment in Swogger's favor on the aggravation of his pre-existing conditions. "In reviewing a record to ascertain whether sufficient evidence exists to support the giving of an instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,124, citing Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. In other words, if reasonable minds could conclude from the evidence that Swogger sustained an injury that aggravated his pre-existing lumbar/lumbosacral disc degeneration and spondylolisthesis, the trial court committed reversible error by failing to properly instruct the jury on the compensability of those aggravation claims.
 {¶ 19} Hopkins has focused its evidentiary argument solely on the opinion testimony of Swogger's expert that the "only mechanism" of Swogger's injuries, including the aggravation of his pre-existing conditions, was the "repetitive work that he was doing of pulling the core sample out of the ground repetitively and yanking to get it out of the ground." Hopkins asserts that, because the expert opined that Swogger's injury was caused by the "repetitive" work that he did, that opinion was tantamount to a conclusion that Swogger's injuries were caused by the wear and tear of his daily job duties, not by a specific injury on September 4, 2002.
 {¶ 20} First of all, the expert did not describe Swogger's injuries as occurring gradually over time. The expert's use of term "repetitive" could reasonably be interpreted as his description of the work Swogger did. The expert proceeded to explain how he typically arrives at an opinion about whether someone is accurately describing to him what caused an injury and the expert explained that Swogger's explanation, that he injured himself by pulling a rod out of hard ground while on the job, was consistent with the injuries he sustained. At another point in his testimony, the expert opined that the aggravation of Swogger's pre-existing conditions was caused by the work that he was performing during September 2002, not the work that he had been doing for an extended period of time.
 {¶ 21} Both parties' experts further explained that they arrive at an opinion about the onset of an injury by looking at external evidence of the patient's onset of symptoms such as pain, a lack of mobility, the inability to work, and the patient's need for treatment. The evidence demonstrated that Swogger's pre-existing conditions had been relatively symptom-free prior to September 4, 2002. Swogger testified that he had experienced some minor back pain prior to September 4, 2002, but he had been working regularly, had not been receiving any treatment for his back other than taking ibuprofen, and he had been able to do everything that his job required. He further testified that he distinctly remembered a sharp pain while he was working on September 4, followed by increasing pain and immobility unlike anything he had ever experienced before. Two weeks later, Swogger was no longer able to work.
 {¶ 22} Swogger's expert conducted several tests that verified that Swogger presented to his office with severe limitations on his mobility. The expert explained how he periodically conducted objective tests and that Swogger could not fake a lack of mobility on these tests. Swogger's mobility did gradually improve over the next few months.
 {¶ 23} There was also corroborating evidence through the testimony of several witnesses who had worked on the job site at the same time as Swogger. Each of these witnesses explained how, prior to early September 2002, Swogger had regularly reported to work, had worked long hours, moved well, and did not complain of pain. During early September, each witness explained how Swogger came to work and moved with great difficulty, wore a back brace, asked for assistance with his work duties, took many breaks, and complained of severe pain in his lower back.
 {¶ 24} As Hopkins repeatedly stressed at trial, this case came down to the credibility of the witnesses and whether they believed that Swogger sustained an injury on September 4, 2002. Ultimately, the jury found, according to its answers to special interrogatories, that Swogger did prove by a preponderance of the evidence that he was injured in the course and scope of his employment on or about September 4, 2004 and that he did not prove that he suffered an injury gradually over time as the result of his job-related duties. Had the trial court correctly instructed the jury on the issue of aggravation of pre-existing conditions, the jury may well have also found that Swogger was entitled to participate in the worker's compensation fund for the aggravation of his pre-existing conditions.
 {¶ 25} There was sufficient evidence presented at trial to support a finding that Swogger's pre-existing conditions had been aggravated by his injury on September 4, 2002. The trial court committed reversible error by failing to properly instruct the jury and Swogger is entitled to a new trial on whether he has a right to participate in the worker's compensation system for the following injuries: aggravation of lumbar/lumbosacral disc degeneration and aggravation of pre-existing spondylolisthesis. The assignment of error is sustained.
 III {¶ 26} The assignment of error is sustained and the judgment of the trial court is reversed only insofar as it found that Swogger has no right to participate in the worker's compensation fund for his alleged aggravation injuries (aggravation of lumbar/lumbosacral disc degeneration and aggravation of pre-existing spondylolisthesis). All other aspects of the trial court's judgment remain in full force and effect. The cause is remanded for a new trial on the sole issue of whether Swogger is entitled to participate in the worker's compensation fund for the alleged aggravation of his pre-existing conditions.
Judgment reversed and the cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Carr, P.J., Boyle, J. Concur.
[1] This is the only aspect of the judgment that has been appealed and, therefore, the remainder of the judgment will not be impacted by this Court's decision.