[Cite as *McRoberts v. Gen. Elec. Co.*, 2013-Ohio-3083.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

GERALD MCROBERTS,                    :

    Appellant,                       :          CASE NO.   CA2012-10-216

                                     :          O P I N I O N
- vs -                                          7/15/2013
                                     :

GENERAL ELECTRIC COMPANY, et al.,    :

    Appellees.                       :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2010-02-0642


Brown, Lippert & Laite, David A. Laite, 640 Cincinnati Club Bldg., 30 Garfield Place, Cincinnati, Ohio 45202, for appellant, Gerald McRoberts

Dinsmore & Shohl, LLP, Susan D. Solle, 1100 Courthouse Plaza SW, 10 North Ludlow, Dayton, Ohio 45202, for appellee, General Electric Company

Steven P. Fixler, Assistant Attorney General, Ohio Attorney General's Office, 1600 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for appellee, Marsha Ryan, Administrator, Ohio Bureau of Workers' Compensation


**HENDRICKSON, P.J.**

{¶ 1}   Appellant, Gerald McRoberts, appeals from the judgment of the Butler County Common Pleas Court denying his workers' compensation claim for the condition of left carpal tunnel syndrome.  For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} McRoberts is a General Electric machinist who assembles and disassembles parts. In September 2008, he filed a claim with the Ohio Bureau of Workers' Compensation in which he requested compensation for injury to his bilateral index and ring trigger fingers and left De Quervain's tenosynovitis. Those conditions were certified by GE. In January 2009, McRoberts filed a motion with the Industrial Commission of Ohio to amend his claim to allow the additional conditions of bilateral middle trigger finger and right tennis elbow. The Industrial Commission allowed these additional conditions. In June 2009, McRoberts filed a second motion to amend his claim to allow three additional conditions, namely, bilateral shoulder tendinosis, left carpal tunnel syndrome and substantial aggravation of degenerative changes of the left shoulder. The Industrial Commission disallowed these three additional conditions.

{¶ 3} McRoberts appealed the disallowance of the three additional conditions to the Butler County Court of Common Pleas pursuant to R.C. 4123.512. The matter was referred to a magistrate who held a bench trial on McRoberts' claims. GE presented the expert testimony of Dr. Marc Whitsett, M.D., who specializes in internal medicine and occupational diseases. Dr. Whitsett testified that it was his opinion, within a reasonable degree of medical certainty, that it is not "more than fifty-one percent likely" that McRoberts' work activity at GE is the proximate cause of his left carpal tunnel syndrome. However, Dr. Whitsett acknowledged that McRoberts' work activity at GE is a "contributory factor" to his left carpal tunnel syndrome, which he estimated to be "a thirty percent contributory [factor]."

{¶ 4} The magistrate denied McRoberts' claim that he was entitled to workers' compensation benefits for the three additional conditions, including left carpal tunnel syndrome. McRoberts filed only one objection to the magistrate's decision, arguing the magistrate erred in disallowing the condition of left carpal tunnel syndrome. The trial court overruled McRoberts' objection.

{¶ 5} McRoberts now appeals from the trial court's judgment and assigns the following as error:

{¶ 6} THE TRIAL COURT ERRED BY OVERRULING PLAINTIFF'S OBJECTIONS TO [sic] MAGISTRATE'S DECISION.

{¶ 7} McRoberts argues the trial court erred in overruling his objection to the magistrate's decision denying his workers' compensation claim for left carpal tunnel syndrome. We disagree with this argument.

{¶ 8} The trial court, in ruling on a R.C. 4123.512 appeal from an order of the Industrial Commission denying a workers' compensation claim, uses a de novo standard of review, i.e., it reviews the order independently and without deference to the commission's decision. *Krull v. Ryan*, 1st Dist. No. C-100019, 2010-Ohio-4422, ¶ 9. The court of appeals, in ruling on an appeal from the trial court's judgment in a R.C. 4123.512 appeal, uses a manifest-weight-of-the-evidence standard and will uphold the judgment if it is supported by competent, credible evidence. *Id.* To the extent that the trial court's judgment involves a question of law, however, a court of appeals reviews the question of law independently and without deference to the trial court's judgment. *Budzevski v. OhioHealth Corp.*, 10th Dist. No. 12AP-112, 2012-Ohio-5038, ¶ 13.

{¶ 9} In order to participate in the workers' compensation system, a claimant must have been injured at work or have contracted an occupational disease through his employment. *Stoneman v. Zimmer Orthopaedic Surgical Products, Inc.*, 5th Dist. Nos. 2007 AP 08 0046, 2007 AP 08 0045, 2008-Ohio-5241, ¶ 160. Here, McRoberts acknowledges that his left carpal tunnel syndrome is not the result of any specific injury at GE. Therefore, he was required to prove that his left carpal tunnel syndrome was an occupational disease he contracted through his employment with GE.

{¶ 10} R.C. 4123.01(F) defines an "occupational disease" as

a disease contracted in the course of employment, which by its causes and the characteristics of its manifestation or the condition of the employment results in a hazard which distinguishes the employment in character from employment generally, and the employment creates a risk of contracting the disease in greater degree and in a different manner from the public in general.

{¶ 11} R.C. 4123.68 lists a number of diseases that have been designated as "scheduled" occupational diseases. Carpal tunnel syndrome is not listed as one of them. Therefore, McRoberts had to prove that his "non-scheduled condition" of left carpal tunnel syndrome qualifies as an "occupational disease" under the three-prong test in *State ex rel. Ohio Bell Tel. Co. v. Krise*, 42 Ohio St.2d 247, 253-254 (1975), codified in R.C. 4123.01(F).

{¶ 12} Under *Krise*, in order to show that an occupational disease is compensable, the claimant must prove (1) the disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation, *or* the conditions of claimant's employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally.

{¶ 13} In order for a claimant to demonstrate that he contracted the occupational disease while in the course of his employment, the claimant must prove that the disease was proximately caused by his employment. *Valentine v. PPG Industries, Inc.*, 158 Ohio App.3d 615, 2004-Ohio-4521, ¶ 14 (4th Dist.), judgment aff'd, 110 Ohio St.3d 42, 2006-Ohio-3561. The definition of proximate cause and the principles governing it are applicable in workers' compensation cases. *Id.* at ¶ 16. "'The proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which, that event would not have occurred.'" *Id.*, quoting *Aiken v. Indus. Comm.*, 143 Ohio St. 113, 117 (1944). To prove the proximate cause of a medical condition,

expert medical testimony ordinarily is necessary. *Valentine* at ¶ 17. The expert medical testimony must show that it is the expert's opinion, within a reasonable degree of medical probability, that the occupational disease caused the injury for which the claimant is seeking compensation. *Douglas v. Ohio Bur. of Workers' Comp.*, 105 Ohio App.3d 454, 461 (2nd Dist.1995).

{¶ 14} At trial, GE's medical expert, Dr. Whitsett, testified that it was his opinion, within a reasonable decree of medical certainty, that it was not "more than fifty-one percent likely that Mr. McRoberts' work at GE caused his left carpal tunnel syndrome[.]" Dr. Whitsett acknowledged that McRoberts' work activity at GE was a "contributory factor" to his left carpal tunnel syndrome, stating "I'll apportion it. I'll say that his work activity probably resulted in a thirty percent contributory [factor]." The evidence also showed that McRoberts first contracted carpal tunnel syndrome in both hands in 1990 and that he had surgery for this condition very early in his tenure at GE. Dr. Whitsett testified that McRoberts' current left carpal tunnel syndrome is "recurrent" from his prior diagnosis of carpal tunnel syndrome in 1990 and was likely caused by his history of hypothyroidism and possibly by his obesity if McRoberts was in fact obese at that time.

{¶ 15} In *Brody v. Mihm*, 72 Ohio St.3d 81 (1995), the court reaffirmed the portion of its holding in *State ex rel. Miller v. Mead Corp.*, 58 Ohio St.2d 405, 406-407 (1979) "that a pre-existing disease aggravated during employment is not compensable." *Brody* at 82. The *Brody* court rejected the claimant's argument that cases like *Village v. General Motors Corp.*, 15 Ohio St.3d 129 (1984) and *Oswald v. Connor*, 16 Ohio St.3d 38 (1985) effectively overruled *Miller*. *Brody*.

{¶ 16} The *Brody* court noted that in *Village*, it held that an injury that develops gradually over time as the result of the performance of the injured workers' job-related duties was compensable, thereby overruling "a tortuous line of cases which suggested that an injury

must be the result of a sudden mishap occurring at a particular time and place to be compensable." *Brody* at 82. However, the *Brody* court noted that *Village's* change in the definition of "injury" did not affect the portion of the court's decision in *Miller* which holds that a pre-existing disease aggravated during employment is not compensable. *Brody*.

{¶ 17} The *Brody* court noted that in *Oswald*, it held that death from a pre-existing cause and accelerated by an *occupational disease* contracted in the course of and arising out of the scope of employment is compensable, and that this holding was merely an extension of its previous case law in which it held that death or disability resulting from a pre-existing cause or disease and accelerated by an *injury*, in the course of and arising out of employment, is compensable. *Brody* at 83. The *Brody* court stated that "[a]fter *Oswald*, claims for aggravation of a pre-existing disease are compensable only where the aggravation itself qualifies as a compensable injury or occupational disease." *Brody*.

{¶ 18} In this case, there is sufficient evidence to support the trial court's finding that McRoberts' carpal tunnel syndrome predates his employment at GE. Dr. Whitsett's testimony shows that the proximate cause of his original carpal tunnel syndrome was likely McRoberts' hypothyroidism and possibly his obesity and that the proximate cause of his recurrence of carpal tunnel syndrome was likely caused by factors other than his work activities at GE. As a result, McRoberts' pre-existing carpal tunnel syndrome, which was aggravated during his 20 years of employment with GE, is not compensable. *Brody* at 82.

{¶ 19} Furthermore, the work-related aggravation of McRoberts' pre-existing carpal tunnel syndrome is not compensable because the aggravation, itself, i.e., McRoberts' 20 years of employment as a machinist at GE, cannot qualify as a compensable occupational disease. *Id*. at 82-83. Compare *Oswald*, 16 Ohio St.3d at 42-44 (determining that employee's "atypical avian tuberculosis" was an occupational disease and the combined result of this disease and his pre-existing diseases of coronary artery disease, diabetes and

hypertension directly and proximately caused his death at a substantially earlier time than would have been the case without the occupational disease, and therefore employee's widow was entitled to death benefits under the Workers' Compensation Act).

{¶ 20} Nevertheless, McRoberts argues that, under the principle of "dual causation," Dr. Whitsett's testimony that his work activities at GE were a 30% contributing factor to his carpal tunnel syndrome was sufficient to establish that his employment was a proximate cause of that condition. We disagree with this argument.

{¶ 21} "It is a well-established principle of tort law that an injury may have more than one proximate cause." *Murphy v. Carrollton Mfg. Co.*, 61 Ohio St.3d at 588. "In Ohio, when two factors combine to produce damage or illness, each is a proximate cause." *Norris v. Babcock & Wilcox Co.*, 48 Ohio App.3d 66, 67 (9th Dist.).

{¶ 22} The principle of dual causation, as it relates to the cause or causes of an occupational disease, was discussed in *Isom v. Dayton Power & Light Co.*, 2nd Dist. No. 23911, 2010-Ohio-4756, ¶ 20, as follows:

> "The term 'dual causation' is used to describe any occupational disease causation problem in which a personal element, such as smoking, combines with an employment element, such as inhalation of asbestos or textile fibers, noxious fumes, acrid smoke, or irritating dust, to produce lung cancer, emphysema, bronchitis and the like." Larson's Workers' Compensation Law, § 52-06[4][a]. Some jurisdictions, though not Ohio, have enacted apportionment statutes in an effort to exclude the "personal element" from a finding of causation. Even then, "[t]he crucial distinction ... is between apportioning disability and apportioning cause. The former is possible in the minority of states having apportionment statutes; the latter is never possible." *Id.* at § 52.06[4][d].

{¶ 23} McRoberts, relying primarily on *Isom*, contends that, since all of the medical experts who testified in this case agreed that his work activities and other factors, such as his obesity, hypothyroidism and previous occurrence of carpal tunnel syndrome, played a contributing role in the recurrence of his carpal tunnel syndrome, his work activities and the

other factors are each proximate causes of his condition, and therefore he was entitled to workers' compensation benefits. We find this argument unpersuasive.

{¶ 24} The supreme court has made it clear that Ohio does not recognize occupational disease claims for aggravation of pre-existing non-industrial medical conditions or diseases unless the aggravation itself qualifies as a compensable injury or occupational disease. *Brody* at 82-83. Additionally, McRoberts has failed to cite any case in which a claimant seeking workers' compensation benefits has prevailed where the opposing party's expert testified that 70% of the cause of the claimant's medical condition for which he is seeking benefits is attributable to factors other than his employment, nor are we aware of any.

{¶ 25} In light of the foregoing, McRoberts' assignment of error is overruled.

{¶ 26} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.