[Cite as *Perez v. Dana Holding Corp.*, 2013-Ohio-5082.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

NARCISO C. PEREZ,

    PLAINTIFF-APPELLANT,                CASE NO. 1-13-15

    v.

DANA HOLDING CORP., ET AL.,         O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV2011 0941

**Judgment Affirmed**

Date of Decision: November 18, 2013

APPEARANCES:

    *C. Jay Schwart* for Appellant

    *Gregory B. Denny and Carolyn A. Davis* for Appellee,
        Dana Holding Corporation

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Narciso C. Perez ("Perez") brings this appeal from the Court of Common Pleas of Allen County. Perez is challenging the ruling of the trial court that he is not entitled to benefits under Ohio's worker's compensation program. Perez claims that the trial court erred by denying his request for a second continuance to allow him to secure funds to pay his medical expert, thus denying him due process. For the reasons set forth below, the judgment is affirmed.

{¶2} On September 20, 2007, Perez was employed Dana and suffered an injury while working. Perez then filed a claim with BWC and the Industrial Commission of Ohio ("ICO") which was assigned claim no. 07-863160. The claim originally was recognized by Dana for a lumbar sprain and lumbar disc displacement L4-5, L5-S1 with myelopathy. On January 18, 2009, Perez filed a C-86 motion with BWC and ICO to amend his claim to allow additional injuries identified as lumbar spinal stenosis at L5-S1, substantial aggravation of degenerative disc disease at L4-5 and L5-S1, substantial aggravation of facet joint arthrosis at L4-5 and L5-S1, stress related changes of bilateral pedicles at L4-5, and impingement of bilateral traversing S1 nerve roots. A district hearing officer for ICO allowed the amended claim for the lumbar spinal stenosis at L5-S1, but denied the remaining medical conditions. Both Perez and Dana appealed the

decision of the ICO's officer. The claim was then reviewed by a staff hearing officer. On May 30, 2009, the staff hearing officer allowed the claims for the lumbar spinal stenosis at L5-S1, substantial aggravation of pre-existing degenerative disc disease at L5-S1, and impingement of the traversing S1 nerve root on the right. The remaining claims were disallowed by the staff hearing officer. Dana then appealed the staff hearing officer's order to the ICO. On June 17, 2009, the ICO refused to hear Dana's appeal.

{¶3} On August 4, 2009, Dana appealed the ICO's determination allowing additional claims to the trial court pursuant to R.C. 4123.512. Perez at some point in time thereafter, filed his complaint setting forth his right to participate.[1] Dana and BWC filed their answers. Perez voluntarily dismissed his complaint without prejudice with Dana consenting to the dismissal.

{¶4} On December 1, 2011, Perez re-filed his complaint. Doc. 1. Dana filed its answer on December 8, 2011. Doc. 4. BWC filed its answer on January 31, 2012. Doc. 9. On May 31, 2012, Dana filed a motion for partial summary judgment requesting that the trial court dismiss the portion of the diagnosis excluded by the staff hearing officer which was not appealed by Perez to the ICO. Doc. 12. Perez filed his reply to the motion for partial summary judgment on June

---

[1] This court does not have the case file from the original case and neither party discloses the date of filing in their respective briefs.

28, 2012.  Doc. 15.  On June 28, 2012, the trial court granted the Dana's motion.

Doc. 16.

{¶5} The trial on the three remaining claims disputed by Dana was scheduled for September 25, 2012.  Br. 5.  On August 14, 2012, Perez filed a motion for a continuance of at least 90 days to allow him time to secure funds to pay his medical expert.  Doc. 17 and 18.  The trial court granted the continuance of the trial on August 23, 2012.  Doc. 19.  The trial was rescheduled for February 12, 2013.  Doc. 21.  On January 28, 2013, Perez filed a motion requesting a second continuance for a period of 60 days as he still was lacking the full amount of funds to pay the medical expert to testify.  Doc. 22.  The trial court overruled the motion without oral argument on February 4, 2013.  Doc. 23.

{¶6} The trial commenced on February 12, 2013.  Br. 5.  At the beginning of the proceedings, Perez asked the trial court to reconsider its ruling on the motion for a continuance.  Tr. 3.  Dana opposed the motion.  Tr. 5-6.  The trial court then denied the motion.  Tr. 6.  Perez then proceeded to make his opening statement in which he admitted that he would not be able to provide medical testimony to show that his injuries were aggravated by a second injury at the workplace.  Tr. 7-8.  Upon the conclusion of Perez's opening statements, Dana moved for a directed verdict on the basis that medical testimony was necessary to

show that Perez was entitled to workers' compensation benefits.[2]  Tr. 9.  The trial court granted the motion to dismiss and ordered the case dismissed pursuant to Civil Rule 41(B)(2), with costs to Perez.  Tr. 10.  Perez filed his notice of appeal on March 14, 2013.  On appeal, Perez raises the following assignment of error.

> **The trial court committed prejudicial error against Perez, denying him his constitutional rights to due process, when it denied Perez's second continuance motion to secure funds to pay his medical expert, denied Perez's request that the court reconsider denial of the second continuance motion, and as a result the trial court dismissed Perez's complaint based upon insufficiency of evidence.**

{¶7} The sole assignment of error in this case is that the trial court erred by denying Perez's motion for a second continuance of the trial.  A denial of a motion for a continuance is reviewed under an abuse of discretion standard.  *In re J.P.*, 3d Dist. Hancock Nos. 5-06-52, 5-06-53, 2007-Ohio-1903, ¶64.  An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

> **In evaluating a motion for a continuance, a court should note, inter alia : the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to**

---

[2]  The trial court correctly noted that the correct motion in a bench trial is not a motion for a directed verdict, but rather a motion to dismiss.  The trial court then considered it as a motion to dismiss.

> **the request for a continuance; and other relevant factors, depending on the unique facts of each case.**

*State v. Unger,* 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078 (1981).

**{¶8}** Here, Perez claims that the trial court should have granted him more time because he needed it to raise funds to pay his medical expert. Without the testimony of the medical expert, Perez could not prove his claim as a medical expert is usually necessary in a workers' compensation case to prove causation. *See McRoberts v. General Electric Co.*, 12th Dist. Butler No. CA2012-10-216, 2013-Ohio-3083, ¶13; *Valentine v. PPG Industries, Inc.*, 158 Ohio App.3d 615, 2004-Ohio-4521, ¶17, 821 N.E.2d 580 (4th Dist.); *Johnson v. Cleveland Coca Cola Bottling Co., Inc.*, 8th Dist. Cuyahoga No. 84489, 2005-Ohio-396, ¶14; and *Bishop v. Ohio Bur. Of Workers' Comp*, 146 Ohio App.3d 772, 2001-Ohio-4274, ¶13, 768 N.E.2d 684 (10th Dist.). However, as the trial court pointed out during the trial, Perez should have known he would need a medical expert since he filed the original complaint in late 2009 or early 2010. This gave Perez over three years to save up the funds for his expert. Although the length of delay was only sixty days, this was the second request for a continuance. The first continuance moved the trial from September 25, 2012 to February 12, 2013, a period of almost five months. Based upon the facts in the record, this court cannot find that the trial court abused its discretion in denying the motion for a second continuance.

{¶9} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Allen County is affirmed.

***Judgment Affirmed***

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**